IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GRISSELLE RAMOS, on behalf of herself and all others similarly situated**<br><br>Plaintiffs,<br><br>v.<br><br>**PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC.,**<br><br>Defendants. | Case No. 08cv2703<br><br>Judge Lefkow<br><br>Magistrate Judge Ashman |

**DEFEDANT MEDELA INC.'S MOTION
TO SEVER CLAIMS AGAINST MEDELA INC.**

Pursuant to Federal Rules of Civil Procedure 20 and 21, defendant Medela Inc. ("Medela"), by and through its undersigned attorneys, respectfully move this Court to sever all of Plaintiff's claims against Medela from Plaintiff's claims against the other defendants. In support of its motion, Medela states as follows:

1. Plaintiff Grisselle Ramos ("Ramos") has initiated a putative class action against Medela, and three other defendants unrelated to Medela, relating to different products manufactured by the defendants that allegedly expose children to lead.

2. In her Complaint, Ramos asserts on behalf of the purported class against each defendant consumer fraud claims arising under the laws of 43 different jurisdictions, breach of the implied warranty of merchantability claims under the laws of 23 different jurisdictions, and negligence and unjust enrichment claims under the laws of all fifty states.

3. Under Rule 21 of the Federal Rules of Civil Procedure, severance is the proper remedy in the case of misjoinder of parties.

4. Ramos' claims against Medela are not properly joined with the claims against the other defendants under Rule 20(a) of the Federal Rules of Civil Procedure. Under Rule 20, plaintiffs may join multiple defendants in an action only if (1) the claims arise out of the same transaction, occurrence or series of transactions, and (2) some question of law or fact common to all the parties arises in the action.

5. Ramos' joinder is improper because she does not, and cannot, allege that her claims against Medela arise from the same transactions or occurrences that give rise to the claims against the other defendants. Nor are there common questions of law or fact.

6. Ramos acknowledges in her complaint that each defendant had its own separate product. Thus, a fundamental issue that underlies every claim in the case -- the amount of exposure to lead, if any -- necessarily will be different for each defendant's product. Additionally, key legal and factual issues such as whether there is exposure, causation, and damages will be different for each defendant because of the different products, manufacturing processes, marketing, purchasers, and purchasers' children.

7. Joinder of the claims here also would frustrate judicial economy and cause undue prejudice to Medela. Joinder would force Medela to participate in costly discovery regarding claims against unrelated defendants that are not relevant to any of the claims against Medela. Furthermore, the trial of a combined action involving unrelated causes of action against unrelated defendants will be extremely complicated, needlessly time-consuming, and confusing to a jury.

8. Medela also is filing contemporaneously a brief in support of this motion.

WHEREFORE, for the reasons set forth herein and in the accompanying brief, Medela respectfully requests, pursuant to Federal Rules of Civil Procedure 20 and 21, that Ramos' claims against Medela be severed immediately from the claims against the other

defendants for all purposes, and that all proceedings pertaining to Medela be separate from the proceedings against the other defendants.

Dated: June 2, 2008

                                  Respectfully submitted,

                                  MEDELA INC.

                                  By:  /s/ Susan M. Benton
                                        One of Its Attorneys

                                  Susan M. Benton  (sbenton@winston.com)
                                  Alexis T. MacDowall  (amacdowall@winston.com)
                                  Kevin A. Banasik  (kbanasik@winston.com)
                                  Charles W. Kierpiec  (ckierpiec@winston.com)
                                  **WINSTON & STRAWN LLP**
                                  35 West Wacker Drive
                                  Chicago, Illinois 60601
                                  (312) 558-5600
                                  (312) 558-5700 (fax)

                                  *Attorneys for Defendant,*
                                    *Medela Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 2nd day of June 2008, I caused a copy of the foregoing document, DEFEDANT MEDELA INC.'S MOTION TO SEVER CLAIMS AGAINST MEDELA INC., to be filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's ECF system. Parties may access this filing through the Court's system.

                              /s/ Charles W. Kierpiec

*Attorneys for Plaintiffs:*

    Mary Jane Fait  (fait@whafh.com)
    Adam J. Levitt  (levitt@whafh.com)
    Theodore B. Bell  (tbell@whafh.com)
    WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
    55 West Monroe Street
    Suite 1111
    Chicago, Illinois 60603
    T: (312) 984-0000

*Attorneys for RC2 Corporation and Leading Curves Brands, Inc.:*

    Bart Thomas Murphy  (bart.murphy@icemiller.com)
    Thomas J. Hayes  (thomas.hayes@icemiller.com)
    ICE MILLER LLP
    2300 Cabot Drive
    Suite 455
    Lisle, Illinois 60532
    T: (630) 955-6392