IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRISSELLE RAMOS, on behalf of herself and all others similarly situated, | ) ) ) | |
| | ) | Case No. 08-CV-2703 |
| Plaintiff, | ) | Judge Lefkow |
| | ) | Magistrate Judge Schenkier |
| v. | ) | |
| | ) | |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., | ) ) ) | Related Case No. 08-CV-2828 Judge Nordberg Magistrate Ashman |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MEDELA INC.'S STATEMENT
ON PLAINTIFF'S UNCONTESTED MOTION
FOR REASSIGNMENT AND CONSOLIDATION**

Defendant Medela Inc. ("Medela") submits this Statement in connection with Plaintiff's Uncontested Motion for Reassignment and Consolidation, which Plaintiff Grisselle Ramos filed on June 5, 2008. Specifically, while Medela does not contest the re-assignment to this Court of a nearly identical complaint presently before Judge John A. Nordberg, Medela notes the existence of many different and individualized factual and legal questions that will be at issue in this litigation. Medela reserves the right to assert and argue the existence of those individualized issues in support of its motion to sever the claims against Medela, and in a motion to decertify and/or in opposition to class certification. More specifically, Medela states as follows:

1. On May 9, 2008, the law firm Wolf Haldenstein Adler Freeman & Herz LLC filed the instant putative nationwide Class Action Complaint (the "First Action") on behalf of Ramos, and all others similarly situated, against defendants Playtex Products, Inc., RC2 Corporation, Learning Curve Brands, Inc., and Medela. Approximately one week later, on May 15, 2008, that

same law firm filed a nearly identical putative nationwide Class Action Complaint (the "Second Action") in this District on behalf of Dina Scalia, Jennifer Suarez, and Marissa Lopez, and all others similarly situated, against the same defendants. The Second Action was given case number 08-CV-2828 and assigned to the Honorable John A. Nordberg.

2.     The only differences between the complaint in the First Action and the complaint in the Second Action are (1) the identity and number of the named plaintiffs, and (2) the states of citizenship of the plaintiffs. All other factual allegations, claims, and defendants are the same.

3.     Medela does not contest plaintiff's motion because Medela believes that there was no valid reason for plaintiff's counsel to file these two nearly identical complaints in this manner. Indeed, as set forth in Medela's motion to sever, filed on June 2, 2008, separate actions should have been filed based on the identity of the *defendants*, not the identity of the plaintiffs.

4.     Medela states that there are many different and individualized factual and legal questions that will be at issue in this litigation. For example, key issues that underpin each claim in the case, such as whether there is exposure to lead from a particular product, causation, and damages/injury will be different for each defendant (and for each plaintiff) because each defendant manufactures a different product, has different marketing, and has different purchasers with different children. Even if the claims against Medela are severed, numerous individualized factual and legal issues will remain that preclude class certification in this case.

5.     Thus, while Medela does not contest the re-assignment of the Second Action to this Court, Medela maintains that the claims against Medela should be severed from the claims against the other defendants. Medela further reserves the right to assert and argue the existence of individualized issues in support of a motion to decertify and/or in opposition to class certification.

Dated: June 6, 2008

        Respectfully submitted,

        MEDELA INC.

        By:  /s/ Susan M. Benton
            One of Its Attorneys

        Susan M. Benton (sbenton@winston.com)
        Alexis MacDowall (amacdowall@winston.com)
        Kevin A. Banasik (kbanasik@winston.com)
        Charles W. Kierpiec (ckierpiec@winston.com)
        **WINSTON & STRAWN LLP**
        35 West Wacker Drive
        Chicago, Illinois 60601
        (312) 558-5600
        (312) 558-5700 (fax)

        *Attorneys for Defendant,*
          *Medela Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June 2008, I caused a copy of the foregoing document, DEFENDANT MEDELA INC.'S STATEMENT ON PLAINTIFF'S UNCONTESTED MOTION FOR REASSIGNMENT AND CONSOLIDATION, to be filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's ECF system. Parties may access this filing through the Court's system.

*Attorneys for Plaintiffs:*

Mary Jane Fait  (fait@whafh.com)
Adam J. Levitt  (levitt@whafh.com)
Theodore B. Bell  (tbell@whafh.com)
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
55 West Monroe Street
Suite 1111
Chicago, Illinois 60603
T: (312) 984-0000

*Attorneys for RC2 Corporation and Leading Curves Brands, Inc.:*

Bart Thomas Murphy  (bart.murphy@icemiller.com)
Thomas J. Hayes  (thomas.hayes@icemiller.com)
ICE MILLER LLP
2300 Cabot Drive
Suite 455
Lisle, Illinois 60532
T: (630) 955-6392

*Attorneys for Defendant Playtex Products, Inc.*

Andrew Rothschild (arothschild@lewisrice.com)
Richard B. Walsh, Jr. (rwalsh@lewisrice.com)
LEWIS, RICE & FINGERSH, L.C.
500 North Broadway, Suite 2000
St. Louis, MO 63102
T: (314) 444-4703

　　　　　　　　／s／ Charles W. Kierpiec