UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRISSELLE RAMOS, on behalf of herself and others similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC.,<br><br>　　　　　Defendants. | Case No. 08-CV-2703<br><br>Judge Lefkow<br><br>Mag. Judge Ashman |
| DINA SCALIA, JENNIFER SUAREZ, and MARISSA LOPEZ, on behalf of herself and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC.,<br><br>　　　　　Defendants. | Case No. 08-CV-2828<br><br>Judge Lefkow<br><br>Mag. Judge Ashman |

**PLAINTIFFS' MOTION TO STRIKE
DEFENDANT MEDELA'S ANSWERS AND DEFENSES**

Plaintiffs, by and through their undersigned counsel, hereby move this Court pursuant to Federal Rule of Civil Procedure 12(f) to strike portions of Defendant Medela Inc.'s ("Medela") Answers and Defenses ("Answers") in the two above-captioned cases, filed June 2, 2008 and June 5, 2008. In further support hereof, Plaintiffs have contemporaneously filed their supporting memorandum of law and also state as follows:

1. Medela begins its Answers with a four-paragraph "Preliminary Statement" containing a variety of factual assertions and legal conclusions, only some of which is relevant, much of which is redundant of its denials, and none of which is made in response to any specific allegation by Plaintiffs. This statement is improper under Federal Rule of Civil Procedure 8 and Local Rule 10.1 and should be stricken.

2. Moreover, in responding to paragraphs 5, 13-14, 35-38, 49, 51-59, 61, 69-72, 79, and 86 of Plaintiffs' Complaints,[1] Medela incorrectly asserts that "no response is required" to Plaintiffs' allegations that Medela believes state legal conclusions. This practice does not satisfy the requirement of Federal Rule of Civil Procedure 8 that Medela "admit or deny the allegations asserted against it," and all such assertions should be stricken from Medela's Answers.

3. In responding to paragraphs 7, 29, 35, 36, 38-39, 61, 69-72, and 79 of Plaintiffs' Complaints, Medela impermissibly asserts that particular documents or legal provisions "speak for themselves" without admitting or denying Plaintiffs' allegations concerning those documents or legal provisions. This practice is also not allowed by Federal Rule of Civil Procedure 8. Therefore, all such assertions should be stricken from Medela's Answers, and Medela should be deemed to have admitted all allegations in response to which it made such assertions.

4. In responding to paragraphs 17-23, 25-29, and 39 of Plaintiffs' Complaints, Medela asserts that Plaintiffs' allegations are "vague and ambiguous" and that Medela "demands strict proof" of them. Such demands are not provided for by Federal Rule of Civil Procedure 8. All such assertions should be stricken from Medela's Answers.

---

[1] All specific citations and references to Plaintiffs' Complaints or Medela's Answers and Defenses are to Plaintiff Grisselle Ramos's Complaint and the Answer and Defenses Medela submitted in response thereto. Both the Complaints and Medela's Answers in the two actions are substantively identical.

5.　　Defenses 1-3, 7-8 and 11-14 of Medela's Answer are not proper affirmative defenses and should be stricken.

6.　　Defenses 1, 4 and 9-10 of Medela's Answer are inadequately pled and should be stricken.

WHEREFORE, for the reasons stated above and in the attached Memorandum of Law, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Strike Defendant Medela's Answers and Defenses in their entirety and enter Plaintiffs' [Proposed] Order Striking Medela's Answers and Defenses (attached hereto as Exhibit "A").

Dated: June 23, 2008　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**WOLF HALDENSTEIN ADLER**
　　　　　　　　　　　　　　　　　　　　　**FREEMAN & HERZ LLC**

　　　　　　　　　　　　　　　　　　　　__/s/ Mary Jane Fait__
　　　　　　　　　　　　　　　　　　　　Mary Jane Fait
　　　　　　　　　　　　　　　　　　　　Theodore B. Bell
　　　　　　　　　　　　　　　　　　　　John E. Tangren
　　　　　　　　　　　　　　　　　　　　55 W. Monroe Street, Suite 1111
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60603
　　　　　　　　　　　　　　　　　　　　Tel:　(312) 984-0000
　　　　　　　　　　　　　　　　　　　　Fax:　(312) 984-0001
　　　　　　　　　　　　　　　　　　　　***Counsel for Plaintiffs***

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRISSELLE RAMOS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC.,<br><br>Defendants. | Case No. 08-CV-2703<br><br>Judge Lefkow<br><br>Mag. Judge Ashman |
| DINA SCALIA, JENNIFER SUAREZ, and MARISSA LOPEZ, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC.,<br><br>Defendants. | Case No. 08-CV-2828<br><br>Judge Lefkow<br><br>Mag. Judge Ashman |

**[PROPOSED] ORDER STRIKING MEDELA'S ANSWERS AND DEFENSES**

Upon consideration of Plaintiffs' Motion to Strike Medela's Answers and Defenses, it is hereby ORDERED:

1. Defendant Medela Inc.'s Answer and Defenses, filed on June 2, 2008 in Case No. 08-CV-2703 and on June 5, 2008 in Case No. 08-CV-2828, are stricken in both cases with leave to file amended answers consistent with this Order.

2.  Defendant Medela Inc. ("Medela") shall omit the following portions from their amended answers:

   a.  The section titled "Preliminary Statement" found on pages 1-2 of both answers;

   b.  The assertions in response to paragraphs 5, 13-14, 35-38, 49, 51-59, 61, 69-72, 79, and 86 of Plaintiffs' Complaint in Case No. 08-CV-2703 and paragraphs 5, 16-17, 38-41, 52, 54-62, 64, 72-75, 82, and 89 of Plaintiffs' Complaint in Case No. 08-CV-2828 that "no response is required" to Plaintiffs' allegations that state a legal conclusion;

   c.  The assertions in response to paragraphs 7, 29, 35-36, 38-39, 61, 69-72, and 79 of Plaintiffs' Complaint in Case No. 08-CV-2703 and paragraphs 7, 32, 38-39, 41-42, 64, 72-75, and 82 of Plaintiffs' Complaint in Case No. 08-CV-2828 that documents or legal provisions "speak for themselves";

   d.  The assertions in response to paragraphs 17-23, 25-29, and 39 of Plaintiffs' Complaint in Case No. 08-CV-2703 and paragraphs 20-26, 28-32, and 42 of Plaintiffs' Complaint in Case No. 08-CV-2828 that certain allegations are "vague and ambiguous" and Medela's demands for "strict proof"; and

   e.  The "Defenses" numbered 1-4 and 7-14 found on pages 46-47 of both answers.

3.  The allegations in paragraphs 7, 29, 35-36, 38-39, 61, 69-72, and 79 of Plaintiffs' Complaint in Case No. 08-CV-2703 and paragraphs 7, 32, 38-39, 41-42, 64, 72-75, and 82 of Plaintiffs' Complaint in Case No. 08-CV-2828 to which Medela answered that a particular document or legal provision "speaks for itself" are deemed admitted by Medela, and Medela shall not state that it denies them in its amended answers.

2

SO ORDERED this _____ day of June 2008:

_____
**Honorable Judge Lefkow**
**United States District Judge**