## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRISSELLE RAMOS, on behalf of herself and others similarly situated, ) ) ) | Case No. 08-CV-2703 |
| ) Plaintiff, ) ) | Judge Lefkow |
| ) vs. ) ) | Mag. Judge Ashman |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., ) ) ) ) | |
| ) Defendants. ) | |

| | |
|---|---|
| DINA SCALIA, JENNIFER SUAREZ, and MARISSA LOPEZ, on behalf of herself and others similarly situated, ) ) ) ) | Case No. 08-CV-2828 |
| ) Plaintiffs, ) ) | Judge Lefkow |
| ) vs. ) ) | Mag. Judge Ashman |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., ) ) ) ) | |
| ) Defendants. ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO STRIKE DEFENDANT MEDELA'S ANSWERS AND DEFENSES**

Plaintiffs bring this motion under Federal Rule of Civil Procedure 12(f), which provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Portions of Defendant Medela Inc.'s Answers and Defenses ("Answers"), including many of the "Defenses" that Medela asserts, must be stricken under this rule. "[A] motion to strike can be a useful means of removing 'unnecessary clutter' from a case,

which will in effect expedite the proceedings." *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 904 (N.D. Ill. 2006) (*quoting Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). By bringing this motion, Plaintiffs seek to "sav[e] the time and expense that otherwise would be spent litigating issues that will not affect the outcome of the case." *Rudzinski v. Metro. Life Ins. Co.*, No. 05-474, 2007 WL 2973830, at *1 (N.D. Ill. Oct. 4, 2007) (*quoting United States v. Walerko Tool and Eng'g Corp.*, 784 F. Supp. 1385, 1387-88 (N.D. Ind. 1992)).

**I.    PORTIONS OF MEDELA'S ANSWERS SHOULD BE STRICKEN.**

The provisions of Federal Rule of Civil Procedure 8(b) governing answers are straightforward and clear. In answering the allegations of a complaint, a defendant must take one of two approaches: (1) "admit or deny" the allegation pursuant to Rule 8(b)(1)(B), or (2) if the defendant "lacks knowledge or information sufficient to form a belief about the truth of an allegation," the defendant "must so state" pursuant to Rule 8(b)(5).

Preliminary Statement: Medela begins its answers with a free-flowing, four-paragraph narrative called a "Preliminary Statement" in which Medela, without specific references to any of Plaintiff's allegations, makes a number of unsupported assertions. (Answers at 1-2.)[1] This statement should be stricken in its entirety. Rule 8 does not provide for it, and Local Rule 10.1, which requires Medela to set forth its denials "in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed," directly prohibits it.

Furthermore, much of the material in the "Preliminary Statement" is redundant of Medela's later denials or simply irrelevant. For example, Medela's claim that "there can be no

---

[1]    All specific citations and references to Plaintiffs' Complaints or Medela's Answers and Defenses are to Plaintiff Griselle Ramos's Complaint and the Answer and Defenses Medela submitted in response thereto. Both the Complaints and Medela's Answers in the two actions are substantively identical.

2

injury related to reasonable use of the bottle cooler carrier" is echoed nearly verbatim throughout Medela's Answers.  (*See* Answers at 4, 6-7, 12, 14-16, 18-21, 23-26, 32-35, 40-46.)  And Medela's discussion of the Center for Environmental Health ("CEH") is not relevant to this case. Whether or not CEH decided to pursue claims of its own against Medela (a point that Medela felt the need to emphasize, with italics) (*see* Answers at 2), has no bearing on the substance of Plaintiffs' claims that Medela's carrier contains lead.  For these reasons, Medela's "Preliminary Statement" should be stricken from its Answers.

Legal Conclusions:  In several instances, Medela incorrectly asserts that "no response is required" to Plaintiffs' allegations because they purportedly state legal conclusions.  (*See, e.g.*, Answers at 5 ("To the extent that the allegations contained in Paragraph 5 state a legal conclusion, no response is required.").)  This pleading strategy is forbidden under the rules.  *See State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill. 2001) ("[I]t disregards established law from the highest authority on down that legal conclusions are an integral part of the federal notice pleading regime.") (*citing Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  Rule 8 requires an answer to each of Plaintiffs' allegations, whether factual or legal.  Thus, Medela's claims that it need not respond to paragraphs 5, 13-14, 35-38, 49, 51-59, 61, 69-72, 79, and 86 of Plaintiffs' Complaints should be stricken.

"Speaks for Itself":  Another of the pleading devices that Medela invokes, despite there being no justification for it under the Rules, is alleging that certain documents "speak for themselves."  (*See, e.g.*, Answers at 6 ("Medela states that the Complaint speaks for itself.").) This practice is not permitted by Rule 8; as Judge Shadur stated:

> This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice) – but until some such writing does

3

> break its silence, this Court will continue to require pleaders to employ one of the three alternatives that are permitted by Rule 8(b) in response to all allegations about the contents of documents (or statutes or regulations).

*State Farm*, 199 F.R.D. at 279; *see also Rexam Beverage Can Co. v. Bolger*, No. 06-2234, 2008 WL 217114, at *7 (N.D. Ill. Jan. 22, 2008) (striking responses stating that any document "speaks for itself"); *Rudzinski*, 2007 WL 2973830, at *4 (same). Medela must admit or deny each of Plaintiffs' allegations concerning legal provisions and other documents, and its statements to the contrary in response to paragraphs 7, 29, 35-36, 38-39, 61, 69-72, and 79 of the Complaints should be stricken. Furthermore, where Medela has not admitted or denied an allegation concerning a document, it should be deemed to have admitted such allegation pursuant to Rule 8. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied."); *see also Rudzinski*, 2007 WL 2973830, at *4 (deeming as admitted allegations to which defendant responded that the referenced documents "speak for themselves").

Demands of Strict Proof: In response to certain of Plaintiffs' allegations, Medela protests that the allegation is "vague and ambiguous," invariably following up such protestations with a demand for "strict proof" thereof. For example, in response to paragraph 17 of Plaintiffs' Complaints, Medela answers: "The allegations in Paragraph 17 of the Complaint are vague and ambiguous as stated, and, therefore, Medela lacks knowledge or information sufficient to form a belief as to the truth of the allegations and demands strict proof thereof." (Answers at 10.) Medela adopts this strategy in answering paragraphs 17-23, 25-29, and 39 of the Complaints.

Medela's aspersions that these portions of the Complaints are "vague and ambiguous" and its demands for "strict proof thereof" are impermissible under Rule 8 and should be stricken. "[T]he concept of 'strict proof,' whatever that may mean, is nowhere to be found in the Rules." *State Farm*, 199 F.R.D. 276 at 278; *see also Gilbert v. Johnston*, 127 F.R.D. 145, 146 (N.D. Ill.

4

1989) (striking references to "strict proof").  If Medela lacks knowledge or information sufficient to form a belief as to the truth of these paragraphs, it should have simply said so.  Anything further is improper.  *See id.*

## II.   MEDELA'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN.

Under this Court's test, to be properly pled, affirmative defenses must satisfy three distinct requirements.  First, the affirmative defense must be an appropriate affirmative defense.  Second, the defense must be adequately pled under Federal Rules of Civil Procedure 8 and 9.  Third, the defense must be legally sufficient under a standard identical to that set out in Federal Rule of Civil Procedure 12(b)(6).[2]  *See Reis Robotics*, 462 F. Supp. 2d at 905; *Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003); *Renalds v. S.R.G. Restaurant Group*, 119 F. Supp. 2d 800, 802-03 (N.D. Ill. 2000); *see also Huthwaite, Inc. v. Randstad Gen. Partner (US), L.L.C.*, No. 06-1548, 2006 WL 3065470, at *1 (N.D. Ill. Oct. 24, 2006) (Lefkow, J.) (setting out three-part test).  As discussed below, each of Medela's defenses fail the first and/or the second of these requirements.

### A.   Medela's Affirmative Defenses 1-3, 7-8 and 11-14 Are Not Appropriate Affirmative Defenses

An appropriate affirmative defense "essentially takes the . . . approach of admitting all of the allegations of a complaint, but of then going on to explain other reasons that defendant is not liable to plaintiff anyway."  *State Farm*, 199 F.R.D. at 279; *see also Flasza v. TNT Holland Motor Express, Inc.*, 155 F.R.D. 612, 613 (N.D. Ill. 1994) ("In answering a complaint and asserting affirmative defenses under Fed. R. Civ. P. 8(c), a defendant concedes that the complaint states a claim, but contends that other facts nonetheless defeat recovery.").

---

[2]   Given the skeletal nature of Medela's affirmative defenses, Plaintiffs are unable to assess whether such defenses would otherwise pass muster under this Rule 12(b)(6) standard if adequately pled.  Plaintiffs thus reserve the right to argue the legal insufficiency of Medela's defenses.

"Affirmative" defenses that do not admit the complaint's allegations, but merely repeat the defendant's denials of the complaint's assertions, are improper and should be stricken. *See Renalds*, 119 F. Supp. 2d at 802 ("[C]ourts should strike affirmative defenses that are clearly mistitled or redundant, for example if they raise matters already raised in the defendant's denial."). Local Rule 10.1 supplies an additional reason why these defenses should be stricken. Any statement in Medela's answers made in response to one of Plaintiffs' allegations should be made "in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed." L.R. 10.1. Placing denials at the end of the answer in a "Defenses" section, without even a reference to the allegations which they deny, violates this rule.

Affirmative Defense 1: Medela's first affirmative defense pleads: "Failure to state a claim upon which relief can be granted." (Answers at 46.) The appropriate method to raise this argument would have been in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), from which the statement of this defense has been taken. But Medela chose to file answers instead. *See Hydra-Stop, Inc. v. Severn Trent Envtl. Servs., Inc.*, No. 03-4843, 2003 WL 22872137, at *5 (N.D. Ill. Dec. 3, 2003) ("By filing their answer, Defendants have conceded that the complaint states a claim"). In the context of an answer, "[t]his type of allegation is not an affirmative defense which adds substance to the litigation; it is clutter." *See Surface Shields*, 213 F.R.D. at 308; *see also In re Garvey Marine, Inc.*, No. 03-5967, 2004 WL 2005824, at *3 (N.D. Ill. Sept. 3, 2004) (Lefkow, J.) ("This court agrees with other decisions that have stricken such an affirmative defense as improper.").

Affirmative Defense 2: Medela's second defense vaguely asserts that "Plaintiff's and the putative class members' claims are barred, in whole or in part, on the ground that they lack

standing." (Answers at 46.) As this Court has previously noted, "lack of standing is not an affirmative defense under federal law." *Huthwaite*, 2006 WL 3065470, at *8 (*citing Native Am. Arts, Inc. v. Waldron Corp.*, 253 F. Supp. 2d 1041, 1045 (N.D. Ill.2003)); *see also Rudzinski*, 2007 WL 2973830, at *1 (striking lack-of-standing defense); *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02-2523, 2003 WL 1720073, at *4 (N.D. Ill. Mar. 31, 2003) (same).

<u>Affirmative Defenses 3 and 8:</u>  Medela's third defense asserts that "Plaintiff's and the putative class members' claims are barred, in whole or in part, because they have not been exposed to lead from Medela's bottle cooler carrier." (Answers at 46.) Medela's eighth defense similarly states that "Plaintiff's and the putative class members' claims are barred, in whole or in part, because any injuries attributable to exposure to lead are attributable to exposure to lead from sources other than Medela's bottle cooler carrier." (*Id.*) These defenses do nothing more than repeat the same denials that Medela sprinkled profusely throughout its answers—that "no individual was exposed to lead at any level based on reasonable use of Medela's bottle cooler carrier." (Answers at 4, 6-7, 12, 14-16, 18-21, 23-26, 32-35, 40-46.) Because they are redundant and not proper affirmative defenses, they must be stricken.

<u>Affirmative Defense 7:</u>  Medela's seventh affirmative defense is nothing more than a denial of proximate causation: "Plaintiff's and the putative class members' claims are barred, in whole or in part, because any alleged wrongdoing by Medela was not a proximate cause of any damage or injury allegedly suffered by Plaintiff and the putative class members." (Answers at 46.) This denial is not a proper affirmative defense and is redundant of Medela's denials of paragraphs 64-66, 77, 84, and 89 of Plaintiffs' Complaints in which Plaintiffs allege that Medela's conduct is the cause of the class's injuries and damages. *See Resolution Trust Corp. v.*

7

*KPMG Peat Marwick*, 845 F. Supp. 621 (N.D. Ill. 1994) ("The defendants are free to assert at trial that their actions were not the proximate cause of Horizon's losses.  But an assertion of this type is not an affirmative defense; it is an assertion that RTC cannot prove a necessary element of its claim.").

<u>Affirmative Defense 11:</u>  In its eleventh affirmative defense, Medela contests that the class is entitled to equitable relief, as follows:

> Although Medela denies that Plaintiff and the putative class members are entitled to any relief, Plaintiff's and the putative class members' claims for equitable relief are barred, in whole or in part, by the availability of an adequate remedy at law and/or the lack of imminent harm.

(Answers at 47.)  Analytically, this defense adds nothing to Medela's denial of Plaintiff's statements that it is entitled to equitable relief.  (*See, e.g.*, Answers at 34-35 (denying that "Plaintiff and the other members of the Class are entitled to legal ***and equitable relief***") (emphasis added).)  Thus, this defense should be stricken.  *See Ocean*, 2003 WL 1720073, at *4 ("[T]he purported defense of "adequate remedy at law" is not an affirmative defense.").

<u>Affirmative Defense 12:</u>  Medela's twelfth affirmative defense states:

> Plaintiff's and the putative class members' claims for punitive or exemplary damages are contrary to the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution, the Illinois Constitution, the Commerce Clause of the U.S. Constitution, and the equal protection and excessive fine provisions of the U.S. Constitution.

(Answers at 47.)  This is yet another denial of one of Plaintiffs' allegations improperly branded as an affirmative defense.  Medela elsewhere denies that Plaintiffs are entitled to punitive damages.  (*See, e.g.*, Answers at 33 (denying that "Defendants are liable for compensatory and ***treble or other punitive damages***") (emphasis added).)  The argument that punitive damages are unconstitutional is unnecessary and misplaced as an affirmative defense.  *See Kiswani v. Phoenix*

*Sec. Agency, Inc.*, No. 05-4559, 2006 WL 463383, at *5 (N.D. Ill. Feb. 22, 2006) (striking defense that punitive damages were not constitutional).

Affirmative Defenses 13 and 14:  In these defenses, Medela does not actually assert any legal defenses against Plaintiffs' claims, but instead states:

> 13.    Medela hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby *reserves its right* to amend its Answer and Affirmative Defenses to assert any such defenses.
>
> 14.    Medela intends to rely upon, and *reserves its right* to assert, other and related defenses, as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than Illinois.

(Answers at 47.)  Reservations of the right to assert additional affirmative defenses are not proper affirmative defenses in themselves.  Medela's right to amend its answers to assert additional affirmative defenses is already preserved by Federal Rule of Civil Procedure 15, which provides that leave shall be freely given to amend when justice so requires.  Medela's restatement of this right is unnecessary at best and, at worst, represents an improper attempt to expand its rights beyond what Rule 15 allows.  *See Reis Robotics*, 462 F. Supp. 2d at 907 (striking with prejudice an affirmative defense "reserv[ing] the right to add additional affirmative defenses").[3]

### B.     Medela's Affirmative Defenses 1, 4, and 9-10 Are Not Adequately Pled.

Under Federal Rule of Civil Procedure 8(b)(1)(A), Medela's answers must "state in short and plain terms its defenses to each claim asserted against it."  To satisfy this standard, Medela must make either "direct or inferential allegations" to all of the elements of each defense.  *Reis*

---

[3]    *See also Hydra-Stop*, 2003 WL 22872137, at *5 (striking defense that "purports to reserve the right to assert additional defenses as they become known"); *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, No. 00-2447, 2003 WL 21542487, at *2 (N.D. Ill. July 3, 2003) ("This is an improper affirmative defense."); *FTC v. Bay Area Bus. Council, Inc.*, No. 02-5762, 2003 WL 21003711, at *3 (N.D. Ill. May 1, 2003).

9

*Robotics*, 462 F. Supp. 2d at 904; *Surface Shields*, 213 F.R.D. at 307-08; *Renalds*, 119 F. Supp. 2d at 802. At a bare minimum, a defendant must "provide enough facts so that . . . plaintiff is put on notice as to which of its actions are complained of." *Surface Shields*, 213 F.R.D. at 308; *see also Rao v. Covansys Corp.*, No. 06-5451, 2007 WL 141892, at *1 (N.D. Ill. Jan. 17, 2007) ("The purpose of [Rule 8(c)] is to give parties fair notice of their opponents' defenses and an opportunity to rebut them."). Allegations that are nothing more than "bare bones conclusory allegations" do not satisfy this standard and must be stricken. *Reis Robotics*, 462 F. Supp. 2d at 905 (N.D. Ill. 2006) (*quoting Heller*, 883 F.2d at 1295); *Surface Shields*, 213 F.R.D. at 307-08; *see also State Farm*, 199 F.R.D. at 279 ("It is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations' or what have you) . . . .").

Affirmative Defense 1: Even assuming that Plaintiffs' alleged failure to state a claim is an appropriate affirmative defense (which it is not, for the reasons stated in Part II.A, *supra*), Medela has not sufficiently pled it. Medela's first defense gives no notice to Plaintiffs of the deficiency in their claims that Medela alleges; it neither cites any portion of Plaintiffs' complaints nor invokes any legal theory in support of its bare assertion. Medela merely parrots the language of a federal rule, *see* Fed. R. Civ. P. 12(b)(6) ("failure to state a claim upon which relief can be granted"); this falls short of what is required to state an affirmative defense. *See Reis Robotics*, 462 F. Supp. 2d at 905 (striking defense that was "nothing more than a recitation of the standard for a motion to dismiss under Rule 12(b)(6)"); *Zic v. Italian Gov't Travel Office*, 130 F. Supp. 2d 991, 999 (N.D. Ill. 2001) (striking unsupported assertion that claimant "does not state a claim upon which relief can be granted"); *Renalds*, 119 F. Supp. 2d at 803 (striking

failure-to-state-a-claim defenses as "simply naming legal theories without indicating how they are connected to the case at hand").[4]

Affirmative Defense 4: As its fourth affirmative defense, Medela pleads: "Plaintiff's and the putative class members' claims are barred, in whole or in part, by applicable Statutes of Limitations." (Answers at 46.) This affirmative defense, as currently pled, is a paradigmatic "bare bones" conclusory assertion that cannot stand as an affirmative defense. Medela does not include any factual statements or citation to any statutes of limitation in support of this defense. It must be stricken. *Surface Shields*, 213 F.R.D. at 308 (striking affirmative defense based on the statute of limitations for failure to "allege any specific facts which might support" it); *see also Rao*, 2007 WL 141892, at *3 (striking unsupported statute-of-limitations defense); *Yash Raj Films (USA) Inc. v. Atlantic Video*, No. 03-7069, 2004 WL 1200184, at *2 (May 28, 2004) (same).

Affirmative Defense 9: Medela's defense of mootness should also be stricken as a "bare bones" conclusory assertion. The defense states nothing more than this: "Plaintiff's and the putative class members' claims are moot." This is not sufficient to give notice to Plaintiffs of the legal theory underlying Medela's assertion of mootness or the facts that support this defense. *See Rudzinski*, 2007 WL 2973830, at *1-2 (striking defense of "mootness").

Affirmative Defense 10: Medela's tenth defense states: "To the extent Plaintiff's and the putative class members' claims are based on a theory providing for liability without proof of

---

[4] *See also Rao*, 2007 WL 141892, at *2; *Kiswani*, 2006 WL 463383, at *4; *Chronister v. Superior Air/Ground Ambulance Serv., Inc.*, No. 05-3492, 2005 WL 3019408, at *2 (N.D. Ill. Nov. 8, 2005); *Am. Top English v. Lexicon Mktg. (USA), Inc.*, No. 03-7021, 2004 WL 2271838, at *10 (N.D. Ill. Oct. 4, 2004); *Yash Raj Films (USA) Inc. v. Atlantic Video*, No. 03-7069, 2004 WL 1200184, at *2 (N.D. Ill. May 28, 2004); *FTC v. Bay Area Bus. Council, Inc.*, No. 02-5762, 2003 WL 21003711, at *1 (N.D. Ill. May 1, 2003); *Ocean*, 2003 WL 1720073, at *4; *Fleet Bus. Credit Corp. v. Nat'l City Leasing Corp.*, 191 F.R.D. 568, 569 (N.D. Ill. 1999); *Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp. 1224, 1231 (N.D. Ill. 1996); *Flasza*, 155 F.R.D. at 614.

causation, the claims violate Medela's rights under the U.S. Constitution." Plaintiffs are at a loss to imagine how Medela reads the Complaints to be based on a "theory providing for liability without proof of causation," particularly since Plaintiffs pled causation as an element of each of their four counts. (*See* Compl. ¶¶ 64-66 (Count I), 77 (Count II), 84 (Count III), and 89 (Count IV).) Medela also fails to explain how Plaintiffs' claims violate Medela's constitutional rights (or even identify which constitutional rights it believes would be violated). This falls far short of giving Plaintiffs fair notice of the defense. Moreover, if Medela does provide more detail, this defense may prove to be an inappropriate affirmative defense, to the extent it constitutes a mere denial of Medela's claims or otherwise.

### III.  CONCLUSION

For the above stated reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Strike Portions of Defendant Medela's Answers and Defenses in its entirety and enter Plaintiffs' [Proposed] Order striking Medela's Answers and Defenses with leave to file amended answers omitting the portions discussed above. Plaintiffs' [Proposed] Order is attached to Plaintiffs' Motion to Strike Defendant Medela's Answers and Defenses as Exhibit "A".

Dated: June 23, 2008                                              **WOLF HALDENSTEIN ADLER**
                                                                                 **FREEMAN & HERZ LLC**


                                                                                 _____/s/ Mary Jane Fait_____
                                                                                 Mary Jane Fait
                                                                                 Theodore B. Bell
                                                                                 John Tangren
                                                                                 55 W. Monroe Street, Suite 1111
                                                                                 Chicago, IL  60603
                                                                                 Tel:  (312) 984-0000

                                                                                 *Counsel for Plaintiffs*