UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRISSELLE RAMOS, on behalf of herself and all others similarly situated ) ) ) | |
| ) | **Civil Action No. 08cv2703** |
| Plaintiff, ) ) | |
| v. ) ) | Judge Lefkow |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC. ) ) ) ) | Magistrate Judge Schenkier ORAL ARGUMENT REQUESTED |
| Defendants. ) ) ) | |
| DINA SCALIA, JENNIFER SUAREZ, and MARISSA LOPEZ, on behalf of themselves and all others similarly situated ) ) ) ) | **Case No. 08cv2828** |
| Plaintiffs, ) ) | Judge Lefkow |
| v. ) ) | Magistrate Judge Schenkier |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., ) ) ) ) | ORAL ARGUMENT REQUESTED |
| Defendants. ) | |

**DEFENDANT MEDELA INC.'S MOTION
FOR ENTRY OF A CASE MANAGEMENT ORDER PURSUANT TO RULE 16(c)(12)**

Pursuant to Federal Rules of Civil Procedure 16, defendant Medela Inc. ("Medela"), by its undersigned attorneys, respectfully moves this Court for entry of a case management order requiring Plaintiffs to present, prior to the exchange of initial disclosures and any other discovery, the factual information that constitutes the basis for their allegations and claims of lead exposure, including the following information: (1) the specific Medela product(s)

1

at issue in this case; (2) evidence of actual exposure to lead (*i.e.*, human contact with lead in the product); and (3) the nature and extent of such exposure to lead. In support thereof, Medela states as follows:

1.  Rule 16 provides federal courts with substantial authority to fashion an efficient and cost-effective approach to managing and disposing of litigation. Rule 16(c)(12) authorizes the Court to take appropriate action with respect to:

> … the need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions or unusual proof problems.

Fed. R. Civ. P. 16(c)(12).

2.  Federal and state courts often have employed this Rule to require plaintiffs to come forward with basic facts to support their allegations before the case proceeds with discovery. Such orders commonly are referred to as "*Lone Pine*" orders.[1]

3.  Consistent with the purposes of Rule 16, *Lone Pine* orders are tailored to fit the circumstances of each case. In many instances, a *Lone Pine* order has directed the plaintiffs to provide expert affidavits detailing key elements of the plaintiffs' case, such as the existence, extent, and manner of the alleged exposure to a chemical substance, and the alleged causal connection between that exposure and the asserted injuries.

4.  These class actions, premised entirely on allegations of exposure to lead, present many of the same issues that courts have sought to address through the use of *Lone Pine* orders.

5.  Plaintiffs allege that their children have been exposed to lead, but the complaint offers no clue as to the particular products at issue; as to the nature, extent, or manner of

---

[1] These orders are named after an opinion from the Superior Court of New Jersey, *Lore v. Lone Pine Corp.*, 1986 N.J. Super. LEXIS 1626 (N.J. Super. Law. Div. November 18, 1986).

exposure; or as to the causal connection between the exposure and the claimed injuries. These are key foundational facts that Plaintiffs should present at the earliest possible stage of the litigation, through entry of an appropriate case management order.

6. Plaintiffs were legally obligated, pursuant to Rule 11, to make a reasonable inquiry and possess a factual basis for their claims *prior* to filing their complaints. *See* Fed. R. Civ. P. 11(b)(3). Thus, Plaintiffs must have *some* information regarding their exposure allegations, the circumstances under which they could have been exposed to lead, and the basis for believing that the defendants were responsible for their injuries.

7. Fairness requires that Plaintiffs present such information before imposing on Medela the costly discovery and litigation burdens of a putative nationwide class action.

8. Medela also is filing contemporaneously a brief in support of this motion.

WHEREFORE, for the reasons set forth herein and in the accompanying brief, Medela respectfully requests that this Court enter a case management order requiring Plaintiffs to present, prior to the exchange of initial disclosures and any other discovery, the factual information that constitutes the basis for their allegations and claims of lead exposure, including the following information: (1) the specific Medela product(s) at issue in this case; (2) evidence of actual exposure to lead (*i.e.*, human contact with lead in the product); and (3) the nature and extent of such exposure to lead. Medela also respectfully requests an opportunity to present oral argument in support of this motion.

Dated: June 23, 2008

Respectfully submitted,

MEDELA INC.

By:   /s/ Susan M. Benton
      One of Its Attorneys

**WINSTON & STRAWN LLP**
Susan M. Benton  (sbenton@winston.com)
Alexis MacDowall  (amacdowall@winston.com)
Kevin A. Banasik  (kbanasik@winston.com)
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
(312) 558-5700 (fax)

*Attorneys for Defendant,*
  *Medela Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of June 2008, I caused a copy of the foregoing document, DEFENDANT MEDELA INC.'S MOTION FOR ENTRY OF A CASE MANAGEMENT ORDER PURSUANT TO RULE 16(c)(12), to be filed electronically.  Notice of this filing will be sent to the following counsel by operation of the Court's ECF system.  Parties may access this filing through the Court's system.

    *Attorneys for Plaintiffs:*

        Mary Jane Fait  (fait@whafh.com)
        Theodore B. Bell  (tbell@whafh.com)
        WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
        55 West Monroe Street
        Suite 1111
        Chicago, Illinois 60603
        T: (312) 984-0000

        John E. Tangren  (jtangren@kirkland.com)
        KIRKLAND & ELLIS LLP
        200 East Randolph Drive
        Suite 6100
        Chicago, Illinois  60601
        T:  (312) 861-2000

    *Attorneys for RC2 Corporation and Leading Curves Brands, Inc.:*

        Bart Thomas Murphy  (bart.murphy@icemiller.com)
        Thomas J. Hayes  (thomas.hayes@icemiller.com)
        ICE MILLER LLP
        2300 Cabot Drive
        Suite 455
        Lisle, Illinois 60532
        T: (630) 955-6392

    *Attorneys for Playtex Products, Inc.:*

        Andrew Rothschild  (arothschild@lewisrice.com)
        Richard B. Walsh, Jr.  (rwalsh@lewisrice.com)
        LEWIS, RICE & FINGERSH
        500 North Broadway
        Suite 2000
        St. Louis, Missouri  63102
        T: (312) 444-7600

Dexter G. Benoit  (dbenoit@ngelaw.com)
Robert Edward Browne  (rbrowne@ngelaw.com)
NEAL, GERBER & EISENBERG
Two North LaSalle Street
Suite 2200
Chicago, Illinois  60602
T: (312) 269-8000


   /s/ Kevin A. Banasik