UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRISSELLE RAMOS, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC.,<br><br>        Defendants. | Case No. 08-cv-2703<br><br>Judge Lefkow<br><br>Magistrate Judge Schenkier |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO MEDELA INC.'S MOTION FOR SEVERANCE**

Plaintiff Grisselle Ramos ("Plaintiff") respectfully submits this memorandum of law in opposition to the motion for severance filed by defendant Medela Inc. ("Medela").[1]

### I.  INTRODUCTION

Plaintiff's Class Action Complaint ("Complaint"), filed on May 9, 2008, seeks damages on behalf of a Class of purchasers of vinyl plastic baby products ("VPBPs") containing lead that were manufactured and/or distributed by Defendants Medela, Playtex Products, Inc. ("Playtex"), RC2 Corporation ("RC2"), and Learning Curve Brands, Inc. ("Learning Curve"). Each of the VPBPs are carriers for breast milk that contain lead in their vinyl linings (and possibly elsewhere). Plaintiff alleges that as a result of Defendants' conduct, infants have been exposed to lead, or risk being exposed to lead, a known hazardous substance.

---

[1] On the date of filing this Memorandum, Defendants RC2 Corporation and Learning Curve Brands, Inc. filed a "Response" to Medela's motion for severance. Plaintiff will address this "Response" in a separate filing.

1

The Complaint asserts the same claims against all Defendants: Unfair and Deceptive Acts and Practices (Count I); Breach of Implied Warranty (Count II); Negligence (Count III); and Unjust Enrichment (Count IV). The underlying facts set out in the Complaint as to the dangers of exposure to lead, the marketing of VPBPs by Defendants, the injury to Plaintiff and the Class, and remedies sought are also common to all Defendants.

Barely three weeks after the Complaint was filed and prior to any pretrial proceedings or discovery, Medela filed a motion to sever Plaintiff's claims against Medela from the litigation pursuant to Federal Rule of Civil Procedure 21, contending that Medela was improperly joined as a defendant under Federal Rule of Civil Procedure 20(a).[2]  As discussed below, Medela's motion is both premature and without merit, and therefore should be denied.

## II.   ARGUMENT

### A.   Medela's Motion Is Premature

While Federal Rule of Civil Procedure 21 provides that severance may be addressed "at any stage of the litigation," and is, as Medela asserts, an appropriate remedy for misjoinder, courts have recognized that consideration of joinder and severance issues is usually more appropriate after pretrial proceedings have been completed, when the similarities and differences between claims are more developed and the court and the parties are in a better position to assess whether the goals of judicial economy and fairness would be better met by separate trials. This approach is in keeping with "[t]he general philosophy of the joinder provisions of the federal rules … to allow virtually unlimited joinder at the pleading stage but to give the district court

---

[2]   Medela filed its motion to sever in the above-captioned case only. This case has since been consolidated with *Scalia, et al. v. Playtex Products, Inc. et al.*, No. 08-CV-2828. Though Medela indicated that it "will be filing a motion to sever in that case in due course" (Medela's Memorandum at 3 n.3), it has not yet done so.

discretion to shape the trial to the necessities of the particular case." Wright, Miller & Kane, *Federal Practice and Procedure*, §1660.

Courts have accordingly denied as premature motions for severance filed in the early stages of litigation. *See, e.g., MyMail*, *Ltd. v. America Online, Inc.*, 223 F.R.D. 455, 457-58 (E.D. Tex. 2004) (deferring consideration of a Rule 21 motion until after completion of discovery, noting that "the Court is not in a position to determine whether the UOL Defendants' products or methods are substantially similar or dissimilar to the other defendants" and that to sever the defendants "would decrease judicial efficiency by requiring duplicitous claim constructions, discovery and pretrial motions."); *Allstate Ins. Co. v. Wal-Mart Stores, Inc.,* No. 00 CV 0307, 2000 WL 960736, at *2 (N.D. Ill. July 11, 2000) ("Judicial economy strongly favors coordinated discovery for all 15 claims. Further, many of the claims may be resolved short of trial, either on summary judgment or by settlement…. It would not be until trial of the case that severance need be resolved. Prior to that time, judicial economy clearly favors continuing these cases in a single proceeding."); *Goodman v. H. Heintz & Co.*, 265 F. Supp. 440, 443 (N.D. Ill. 1967) ("The purpose of [Rule 20 is] is avoid multiple lawsuits involving similar or identical issues, except where a showing of oppression, prejudice or delay is made.… After discovery and pre-trial, if a single trial appears prejudicial to the defendants … the court will in its discretion under Rule 20(b) and 21 order separate trials. But the court will not order a severance before the parties are at issue, absent a showing of prejudice, merely on the theory that Rule 20 sets out technical requirements as a condition precedent to allowing joinder of parties.").

Medela has identified no compelling reason for severing Plaintiff's claims against it at this early stage of the litigation. Medela contends that allowing Plaintiff's claims against it to proceed with those against the other Defendants would "create a more complicated and

burdensome discovery process for Medela by requiring it to participate in discovery and other pre-trial proceedings that have little or no relevance to the claims against Medela." (Medela's Memorandum at 11.) However, as the court noted in denying severance of a defendant in *Sprint Communications Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 617-18 (D. Kan. 2006), "[j]oinder permits but does not require participation" in discovery relating to the other defendants, and allowing the claims against all defendants to proceed through the pretrial stage permits "clear economies to be achieved on behalf of all parties." The court in *Sprint* also cited the risk of inconsistent pretrial rulings as another reason to deny severance. *Id*. at 618.

Similarly, while Medela contends that a jury might be confronted with "a sea of evidence" and that Medela would be prejudiced should a jury hear evidence relating to the conduct of one of the other defendants, (Medela's Memorandum at 11-12), these are hypothetical issues that can and should await the completion of pretrial proceedings to be addressed. *See Magnavox Co. v. APF Elecs., Inc.*, 496 F. Supp. 29, 34 (N.D. Ill. 1980) ("any prejudice that could result from improper joinder can be prevented since improperly joined parties can be dropped or added at a later stage of the litigation, Fed. R. Civ. P. 21, and since separate trials on certain claims or issues can be ordered"); *see also* Wright, Miller & Kane, *Federal Practice and Procedure*, §1653 (noting that "no difficulty is likely to result from the joinder of even marginally related parties at the pleading stage" since "[t]he court always has the discretion to sever those parties whose claims may be tried more conveniently in separate actions"); *cf.*, *In re High Fructose Corn Syrup Antitrust Litig.*, 361 F.3d 439, 441 (7th Cir. 2004) (concluding that the trial court had inherent authority to impanel two juries to sit simultaneously where extraordinary amount of highly prejudicial evidence was admissible against one defendant).

4

Medela's motive in seeking severance three weeks into this litigation is transparent – to multiply Plaintiffs' efforts and costs in litigating her claims and those of the Class. The policy goals of judicial economy and fairness would be best met by allowing Plaintiff's claims against all Defendants to go forward and deferring any issues of joinder and severance until pretrial proceedings are completed. The Court should therefore deny Medela's motion as premature.

### B. Medela Is Not Improperly Joined

Even were Medela's motion for severance not premature, the Court should deny the motion because Medela's argument – that Medela is not properly joined as a defendant under Federal Rule of Civil Procedure 20(a) – is without merit. Rule 20(a) provides for joinder of defendants where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Contrary to Medela's assertion, courts have applied Rule 20(a) liberally in order to facilitate joinder of claims. As the court explained in *Smith v. Northeastern Illinois University*, No. 98 C 3555, 2002 WL 377725, at *1 (N.D. Ill. Feb. 28, 2002): "Federal policy favors joinder, as the purpose of Rule 20 is 'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" (quoting *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000)). *See also Wilson v. Peslak*, No. 04 C 2345, 2005 WL 1227316, at *2 (N.D. Ill. May 12, 2005) ("The Seventh Circuit has noted that the purpose of a liberal Rule 20(a) joinder requirement 'is to enable economies in litigation.'") (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)).

The court in *Smith* further noted that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Id.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). *See also* Wright, Miller & Kane, *Federal Practice and Procedure*, § 1653 (Rule 20 ensures that "all reasonably related claims for relief by or against different parties" may be joined). Accordingly, district courts have "wide discretion when deciding whether joinder of parties is proper." *Smith*, 2002 WL 377725, at *1; a*ccord, Wilson*, 2005 WL 1227316 at *2.

Both requirements of Rule 20(a) – that the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and that "any question of law or fact common to all defendants" will arise – are easily satisfied here. "The transaction and common-question requirements prescribed by Rule 20(a) are not rigid tests. They are flexible concepts used by the courts to implement the purpose of Rule 20 and are therefore to be read as broadly as possible whenever doing so is likely to promote judicial economy." Wright, Miller & Kane, *Federal Practice and Procedure*, §1653.

Consistent with the policy objectives of Rule 20(a) in facilitating joinder, courts have taken a liberal "case-by-case" approach to determining whether the "transaction or occurrence" requirement is satisfied rather than the strict interpretation of the Rule advocated by Medela. *Smith*, 2002 WL 377725, at *1; *Wilson*, 2005 WL 1227316 at *2. Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974); s*ee also* Wright, Miller & Kane, *Federal Practice and Procedure*, §1653 ("language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction

or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court" ); *DirectTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004) (observing that "'[t]ransaction is a word of flexible meaning. It may comprehend a series of many occurrences depending not so much upon the immediateness of their connection as upon their logical relationship.'" (quoting *Mosley*, 497 F.2d at 1333).

Here, Plaintiff clearly alleges claims against all Defendants that arise out of logically related transactions and occurrences and which will require overlapping proof and duplication of testimony. Plaintiff alleges that all Defendants, including Medela, sold to Plaintiff and members of the Class VPBPs tainted with lead; that each of Defendants' VPBPs are carriers for breast milks that contain lead in their vinyl linings; that Defendants failed to disclose that their VPBPs contained lead; that Defendants' nondisclosure of the lead content of their VPBPs was a material omission; that the Center for Environmental Health found the VPBPs sold by Defendants to have high lead content; and that Plaintiff and members of the Class have been injured by the exposure or risk of exposure to lead in VPBPs sold by Defendants. The claims for relief and remedies sought by Plaintiff are also identical as to all Defendants.

Medela's argument that joinder is not appropriate because each Defendant sold a different product is unfounded. That the products at issue are not identical does not preclude a finding that Defendants' conduct and sales of lead tainted products to Plaintiff and the Class are logically related such that the "transaction or occurrence" test is satisfied. *See, e.g.*, *MyMail*, 223 F.R.D. at 455 (rejecting the argument that defendants' different products precluded joinder in a patent infringement case, noting that "[s]uch an interpretation does not further the goals of Rule 20, especially for discovery and motion purposes" and that "the record before the Court

does not show that the products or methods at issue are so different that determining infringement in one case is less proper or efficient than determining infringement in multiple cases").

Courts have also taken a liberal approach in determining whether the "common question" requirement of Rule 20(a) is satisfied, holding that a single common question of law or fact is sufficient. *See, e.g.*, *Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982) (noting that Rule 20(a) requires only that "some common question of or fact … be present with respect to all parties in the action (i.e. a common thread)"). Medela's contention that there are *no* common issues of fact or law is obviously baseless. Here, there are multiple common issues of fact and law – numerous "common threads." Common factual issues include, *inter alia*, whether exposure to lead is dangerous to children, whether Defendants failed to disclose that their VPBPs contained lead, and whether Plaintiff and members of the Class have been injured by the risk of, or actual, exposure to lead in VPBPs purchased from Defendants. Given that the legal and statutory bases for Plaintiff's claims are identical as against all Defendants there are numerous common issues of law as well.

Medela has not shown that it is misjoined or why the goals of judicial economy and fairness require that it be severed from this litigation. Nor do the cases it cites provide any basis for severance here. Nearly all of the cases Medela relies on involved severance of a plaintiff, not a defendant. In *Graziose v. American Home Prods. Corp.*, 202 F.R.D. 638 (D. Nev. 1999), discussed at length in Medela's brief, the court held that the plaintiffs were misjoined, noting that, unlike here, the plaintiffs asserted various and differing claims against the defendants – some asserted loss of consortium claims; some claimed to have suffered "a stroke and/or other

8

health damages;" another claimed "ventricular tachycardia and/or other health damages." *Id*. at 639.

Similarly, in *Insolia v. Philip Morris Inc.*, 186 F.R.D. 547 (W.D. Wis. 1999), another case Medela heavily relies on, the court found that plaintiffs, who asserted claims arising out of a thirty year conspiracy among manufacturers of hundreds of brands of cigarettes, were improperly joined. The court emphasized that "[t]he permissive joinder doctrine is animated by several policies, including the promotion of efficiency, convenience, consistency … and fundamental fairness" and that "[t]hese policies, not a bright-line rule should govern" in deciding whether joinder is appropriate. *Id*. at 549 (citations omitted). The court concluded that in light of the duration of the decades long conspiracy alleged and issues unique to cigarette smoking, "dissimilarities in the claims brought by plaintiffs suggest that these claims are not logically related to one another." *Id*. at 550.

Medela also cites *Bailey v. The Northern Trust Co.*, 196 F.R.D. 513 (N.D. Ill. 2000), another case with significantly different relevant facts. In *Bailey*, the court held that plaintiffs, who asserted employment discrimination claims, were misjoined, noting that the alleged adverse employment actions by the defendant were varied, including "unequal pay, retaliation, unfair disciplinary warnings, increased job duties, job threats, discrimination in performance evaluations, wrongful termination, denial of promotional opportunities, and denial of training." *Id*. at 516. Similarly, in *Hussain v. TCF Bank*, No. 03 C 9404, 2004 U.S. Dist. LEXIS 12035, at *5-6 (N.D. Ill. June 30, 2004), the court granted a motion to sever plaintiffs asserting employment discrimination claims, concluding that "plaintiffs each advance a claim that involves distinct employment actions and involves a unique set of circumstances" and "allege a

variety of adverse employment actions taken against them which include being denied a promotion, being put on probation, being transferred, and being terminated."

In another case highlighted by Medela, *In re Rezulin Products Liability Litigation*, 168 F. Supp. 2d 136 (S.D.N.Y. 2001), the court held that claims against a healthcare provider for negligent administration of a diabetes drug and personal injury claims against prescribing physicians after the drug's withdrawal from the market were misjoined with toxic tort claims against the manufacturer of the drug. Here, in contrast, Plaintiff asserts the same claims against all Defendants.[3]

*Direct TV, Inc. v. Delaney*, No. 03 C 3444, 2003 U.S. Dist. LEXIS 24262 (N.D. Ill. Nov. 20, 2003), is also distinguishable. The court held in that case that DirecTV's claims against individual defendants for using "pirate access devices" to access DirectTV programming without a subscription were misjoined. The court concluded that, unlike here, "[t]he jury's resolution of … fact-specific questions as to a given defendant [would be] completely independent of its tasks in answering those questions with regard to the other defendants." *Id*. at *16.[4]

---

[3] Similarly, in *Adams v. Minnesota Mining and Mfg, Co.*, No. 6:04-521-DCR, 2005 U.S. Dist. LEXIS 27404 (E.D. Ky. Jan. 27, 2005), the court held that plaintiffs' claims against various manufacturers and retailers were misjoined, noting that "the claims brought against the retailers are entirely different from the claims brought against the manufacturers, involving different legal theories and different types of proof." *Id*. at *19. In *Gill v. Ethicon, Inc.*, 2001 U.S. Dist. LEXIS 24005 (W.D. La. Aug. 1, 2001), the court granted a motion to sever plaintiffs' claims alleging that Vicryl sutures used in surgeries were contaminated, where there were 149 different types of Vicryl sutures, only some of which had been recalled by the manufacturer as contaminated, and the surgeries were "substantially different, each operation having been performed by a different doctor upon a different part of the Plaintiffs' anatomy." *Id*. at *10.

[4] The court's ruling in *Delaney* was also premised in large part on the court's understanding that no other court had held to the contrary in like actions by DirecTV. *Id*. at *18, n.4. In fact, however, several courts have denied severance in similar cases brought by DirecTV. *See, e.g*., *DirecTV, Inc. v. Barrett*, 220 F.R.D. 630, 632 (D. Kan. 2004) (listing cases).

Medela also cites this Court's ruling in *Ambrose v. Steelcase, Inc.*, 2002 U.S. Dist. LEXIS 12527 (N.D. Ill. 2002), in which the Court severed the claims against one defendant, not for misjoinder, but in order to stay the claims pending resolution of plaintiffs' claims against other defendants which the Court transferred to another district court. Given the unique circumstances of that case, including the Court's inference that the severed defendant had been joined solely to establish venue in the Northern District of Illinois, the Court concluded that to sever and stay the claims served the "just, speedy and inexpensive" disposition of the litigation. *Id*. at *22 (quoting Fed. R. Civ. P. 1). Severance here would have the opposite effect.

The Court should also reject Medela's argument that even if properly joined it should be severed from this litigation. As discussed above, Medela's contention that severance will serve judicial economy and is necessary to prevent prejudice to Medela is baseless, particularly at this early stage of the litigation. Moreover, as the court emphasized in *El Aguila Food Products, Inc. v. Gruma Corp.*, 167 F. Supp. 2d 955, 960 (S.D. Tex. 2001), "a party is not entitled to a severance when it would prolong the ultimate resolution of an action, add to the cost of resolving the lawsuit, create duplicitous litigation or increase the likelihood of inconsistent verdicts." *See also German v. Federal Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1400-01 (S.D.N.Y. 1995) (denying motion for severance of present landlord defendants in an action brought by tenants against past and present landlords for failure to remove lead paint, concluding that severance "would neither serve the interests of justice nor further the prompt and efficient resolution" of the litigation in light of the "numerous questions of law and fact common" to the claims against all defendants and noting that whatever prejudice might inhere in a joint trial could be eliminated by careful jury instructions); Wright, Miller & Kane, *Federal Practice and*

*Procedure*, §1689 ("severance will be refused if the court believes that it will only result in delay, inconvenience, or added expense").

Medela has not demonstrated in its motion that it is misjoined under Rule 20(a) or should be severed for any other reason under Rule 21. The Court should therefore deny Medela's motion.

### III.  CONCLUSION

For the foregoing reasons, Medela's motion to sever Plaintiff's claims against Medela should be denied.

Dated: June 23, 2008                                                  Respectfully submitted,

                                                          **WOLF HALDENSTEIN ADLER
                                                                FREEMAN & HERZ LLC**

                                                          By:  /s/ Mary Jane Fait
                                                               Mary Jane Fait, Esq.
                                                               Theodore B. Bell, Esq.
                                                               John Tangren, Esq.
                                                               55 West Monroe Street, Suite 1111
                                                               Chicago, Illinois 60603
                                                               Tel: (312) 984-0000
                                                               Fax: (312) 984-0001

                                                               *Counsel for Plaintiff*