UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRISSELLE RAMOS, on behalf of herself and all others similarly situated ) ) | |
| ) | **Civil Action No. 08cv2703** |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Lefkow |
| ) | |
| PLAYTEX PRODUCTS, INC., RC2 ) CORPORATION, LEARNING CURVE ) BRANDS, INC., and MEDELA, INC. ) | Magistrate Judge Schenkier |
| ) | ORAL ARGUMENT REQUESTED |
| Defendants. ) ) | |
| _____ ) | |
| DINA SCALIA, JENNIFER SUAREZ, and ) MARISSA LOPEZ, on behalf of themselves ) and all others similarly situated ) | **Case No. 08cv2828** |
| ) | |
| Plaintiffs, ) | Judge Lefkow |
| ) | |
| v. ) | Magistrate Judge Schenkier |
| ) | |
| PLAYTEX PRODUCTS, INC., RC2 ) CORPORATION, LEARNING CURVE ) BRANDS, INC., and MEDELA, INC., ) | ORAL ARGUMENT REQUESTED |
| ) | |
| Defendants. ) | |

**SELECTED AUTHORITY CITED IN
DEFENDANT MEDELA INC.'S BRIEF IN SUPPORT OF ITS MOTION
FOR ENTRY OF A CASE MANAGEMENT ORDER PURSUANT TO RULE 16(c)(12)**

Defendant Medela Inc. ("Medela") filed a "Motion for Entry of a Case Management Order Pursuant to Rule 16(c)(12)" on June 23, 2008, along with a supporting brief. Medela respectfully submits the following authority, which was cited in "Defendant Medela Inc.'s Brief in Support of its Motion for Entry of a Case Management Order Pursuant to Rule

1

16(c)(12)" but which is unpublished in the West National Reporter System and unavailable on Westlaw:

1. *Bell v. Exxon Mobil Corp.*, No. 01-04-00171-CV, 2005 Tex. App. LEXIS 1680 (Tex. Ct. App. Mar. 3, 2005).

All other authorities cited in Medela's motion and brief are published in the West National Reporter System and/or available on Westlaw.

Dated: June 25, 2008

Respectfully submitted,

MEDELA INC.

By:  /s/ Susan M. Benton
       One of Its Attorneys

**WINSTON & STRAWN LLP**
Susan M. Benton  (sbenton@winston.com)
Alexis MacDowall  (amacdowall@winston.com)
Kevin A. Banasik  (kbanasik@winston.com)
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
(312) 558-5700 (fax)

*Attorneys for Defendant,
   Medela Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of June 2008, I caused a copy of the foregoing document, SELECTED AUTHORITY CITED IN DEFENDANT MEDELA INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR ENTRY OF A CASE MANAGEMENT ORDER PURSUANT TO RULE 16(c)(12), to be filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's ECF system. Parties may access this filing through the Court's system.

*Attorneys for Plaintiffs:*

Mary Jane Fait  (fait@whafh.com)
Theodore B. Bell  (tbell@whafh.com)
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
55 West Monroe Street
Suite 1111
Chicago, Illinois 60603
T: (312) 984-0000

John E. Tangren  (jtangren@kirkland.com)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Suite 6100
Chicago, Illinois  60601
T:  (312) 861-2000

*Attorneys for RC2 Corporation and Leading Curves Brands, Inc.:*

Bart Thomas Murphy  (bart.murphy@icemiller.com)
Thomas J. Hayes  (thomas.hayes@icemiller.com)
ICE MILLER LLP
2300 Cabot Drive
Suite 455
Lisle, Illinois 60532
T: (630) 955-6392

*Attorneys for Playtex Products, Inc.:*

Andrew Rothschild  (arothschild@lewisrice.com)
Richard B. Walsh, Jr.  (rwalsh@lewisrice.com)
LEWIS, RICE & FINGERSH
500 North Broadway
Suite 2000
St. Louis, Missouri  63102
T: (312) 444-7600

Dexter G. Benoit  (dbenoit@ngelaw.com)
Robert Edward Browne  (rbrowne@ngelaw.com)
NEAL, GERBER & EISENBERG
Two North LaSalle Street
Suite 2200
Chicago, Illinois  60602
T: (312) 269-8000


       /s/ Kevin A. Banasik

LEXSEE 2005 TEX. APP. LEXIS 1680

**LONNIE BELL, DANIEL DAVIS, NIECY DAVIS, KENNETH GREGORY JR., JIMMY HARGROVE, ELBA HILDAGO, RAYMOND LEVAN, ANN MOTTON, ALFRED H. PHILLIPS, ELIJAH SIMIEN, MARY SIMIEN, TIA BAILEY, JACKIE BROWN, MICHAEL BROWN, AKEITERRA HOPSON, I'ESHIA MCALPIN, JUSTIN MCALPIN, CHLOEDELL MERCER, HORACIO MOLINA, EMILY MOORE, RENNY REYNOLDS, TOKESHISHA SIMIEN, AND KEVIN WHITTAKER JR., Appellants v. EXXONMOBIL CORPORATION D/B/A EXXONMOBIL CHEMICAL COMPANY, Appellee**

NO. 01-04-00171-CV

COURT OF APPEALS OF TEXAS, FIRST DISTRICT, HOUSTON

*2005 Tex. App. LEXIS 1680*

**March 3, 2005, Opinion Issued**

**SUBSEQUENT HISTORY:** [*1]
Petition for review denied by *Bell v. ExxonMobil Corp., 2006 Tex. LEXIS 38 (Tex., Jan. 27, 2006)*

**PRIOR HISTORY:** On Appeal from the 215th District Court. Harris County, Texas. Trial Court Cause No. 2002-03218A.

**DISPOSITION:** Affirmed.

**JUDGES:** Panel consists of Justices Nuchia, Jennings, and Alcala.

**OPINION BY:** Sam Nuchia

**OPINION**

**MEMORANDUM OPINION**

Lonnie Bell, Daniel Davis, Niecy Davis, Kenneth Gregory Jr., Jimmy Hargrove, Elba Hildago, Raymond LeVan, Ann Motton, Alfred H. Phillips, Elijah Simien, Mary Simien, Tia Bailey, Jackie Brown, Michael Brown, Akeiterra Hopson, I'eshia McAlpin, Justin McAlpin, Chloedell Mercer, Horacio Molina, Emily Moore, Renny Reynolds, Tokeshisha Simien, and Kevin Whittaker Jr. ("appellants") appeal from an order dismissing their claims against ExxonMobil Corporation d/b/a ExxonMobil Chemical Company ("appellee") with prejudice for failure to conform to a pre-trial case management order ("*Lone Pine* order") [1] requiring them to file affidavits of personal injury and property damage within a 120-day period. We determine whether the trial court's dismissal of appellants' cases constitutes an abuse of discretion by unfairly or unjustly sanctioning the appellants for their failure [*2] to comply with the order. We affirm.

[1]  The unpublished opinion of the New Jersey Superior Court, Law Division, in *Lore v. Lone Pine Corp* provides the originating language of the case management order the trial court issued. *Lore v. Lone Pine Corp., 1986 N.J. Super. LEXIS 1626, No. L-33606-85, 1987 WL 637507 (N.J. Super. Ct. Law Div. Nov. 18, 1986).* In that case, as in this one, the court required submission of expert reports detailing the nature, duration, and medical effect of exposure to toxic chemicals from the Lone Pine landfill. The court also required an expert report as to damage and causation with respect to property damage from the same toxic exposure. The court in that case dismissed plaintiffs' claims for failure to comply with the case management order as issued. In reference to this originating case, case management orders of this nature are often referred to as "*Lone Pine*" orders.

**Factual History**

Between July 17 and July 30, 2000, the ExxonMobil plant in Baytown, Texas suffered an explosion [*3] and a chemical release. In early 2001, 71 plaintiffs filed suit in the 215th District Court against appellee. The court, on motion from appellee, entered Case Management Order # 1 (the *Lone Pine* order) requiring plaintiffs to present expert affidavits as to their personal injury and property damage. In December 2001, all plaintiffs non-suited their claims, thereby avoiding compliance with the *Lone Pine* order. Six and a half weeks later, 50 of these same plaintiffs re-filed an identical suit in the 189th District Court. The court transferred this new action back to the 215th District Court. Appellee moved for dismissal based on non-compliance with the *Lone Pine* order.

Rather than dismissing the claims, the court, on July 28, 2002, signed a nearly-identical second *Lone Pine* order. As had the first, the second *Lone Pine* order required that each plaintiff file an expert report detailing the manner and duration of the exposure the plaintiff had experienced, the chemicals to which the plaintiff was exposed, and, to a reasonable medical probability, the injury sustained because of that exposure. It also required expert affidavits detailing the location of the property [*4] damage claimed in the plaintiffs' petition, the amount of economic injury, and the causative link between the chemical exposure and the damage. The order gave plaintiffs 30 days in which to comply. The order further provided that "the failure of any plaintiff to file with the Court and serve on all counsel of record the affidavits required by this Order . . . may result in the dismissal with prejudice of that portion (personal injury or property damage or both) of his or her claims in this case." The order gave appellee 30 days from its receipt of any affidavits to object to any failure to comply with the order and further provided that "the Court will review said affidavits and should the Court agree that said affidavits do not fully comply, such failure shall result in the dismissal with prejudice of that portion . . . of his or her claim." Plaintiffs made no objection to the *Lone Pine* order.

At conferences on September 30 and October 2, 2002, the trial court heard argument on appellee's second motion to dismiss for plaintiffs' failure to comply with the *Lone Pine* order. The plaintiffs made their first objection to the *Lone Pine* order on October 1st. On October 8th, [*5] the trial court dismissed all plaintiffs' claims, but offered to reinstate the claims of any plaintiffs who complied with the *Lone Pine* order by November 7, 2002.

Twenty-seven plaintiffs complied, and the court reinstated their claims. Appellants made no real attempt to comply and offered no explanation for their failure. [2] Appellants moved to sever their claims from the reinstated claims. The trial court granted the severance on February 12, 2004, making the October 8, 2002 dismissal final with respect to all of appellants' claims.

> 2   Half of the appellants filed nothing with the court. The other half filed documents that did not contain the required specific information.

**Discussion**

Appellants complain in two issues that (1) the trial court lacked the authority to issue the *Lone Pine* order and (2) in the alternative, the court erred in dismissing the claims of the appellants because such a "death penalty" sanction is unjust, unnecessary, and improper in the circumstances of this case.

[*6] *A. Court's Authority for Order*

In their first issue, appellants complain that the trial court lacked authority to issue a *Lone Pine* order under Texas law. Appellants argue that the *Lone Pine* order imposes an onerous, impossible burden on them.

Even if appellants preserved this complaint by filing their objection to the order more than two months after their affidavits were due under the order, they have waived the complaint because they cite no authority to support their contention. *See RE/MAX of Texas, Inc. v. Katar Corp., 961 S.W.2d 324, 328 (Tex. App.--Houston [1st Dist.] 1997, pet. denied)* (concluding that appellant's failure to make argument, cite authority, or refer to record in support of contention resulted in nothing for court to review). [3]

> 3   Although we find no cases in which plaintiffs challenged the trial court's authority to issue a *Lone Pine* order, one court of appeals has concluded that a trial court erroneously denied a request for such an order. *See In re Mohawk Rubber Co., 982 S.W.2d 494 (Tex. App.--Texarkana 1998, no pet.).* In *Mohawk Rubber*, the Texarkana Court of Appeals directed the trial court to issue a case management order

similar to one issued in a federal case--a *Lone Pine* order. *Id. at 499*. Under their second issue, appellants incorrectly state that *Mohawk Rubber* "tangentially [refers] to '*Lone Pine*' type orders," but "does not specially address" such an order. *Mohawk Rubber* specifically addresses the issue of *Lone Pine* orders by directing the trial court to issue the order. *Id.*

Other cases illustrate the use of *Lone Pine* orders in Texas. *See Martinez v. City of San Antonio, 40 S.W.3d 587, 591 (Tex. App.--San Antonio 2001, pet. denied)*. In *Martinez*, the plaintiffs produced no evidence of causation in response to a *Lone Pine* order and a revised case management order, and the trial court granted the defendants' no-evidence motion for summary judgment. *Id. at 590*. The plaintiffs appealed, and the court of appeals affirmed, stating that the plaintiffs had had ample time for discovery and the evidence discoverable under the *Lone Pine* order might have been used to overcome the no-evidence motion. *Id. at 592*. Appellants state that *Martinez* "did not involve a '*Lone Pine*' order." Again, appellants are incorrect. *See also Schneider Nat'l Carriers, Inc. v. Bates, 147 S.W.3d 264, 268 n.4, 48 Tex. Sup. Ct. J. 6 (Tex. 2004)* (explaining that *Lone Pine* order requires "plaintiffs in toxic tort litigation to furnish basic facts to support claims of injury and property damage"); *Adjemian v. Am. Smelting & Refining Co., 2002 Tex. App. LEXIS 9360, 2002 WL 358829, * 1 (Tex. App.--El Paso March 7, 2002, no pet.)* (not designated for publication) (affirming dismissal with prejudice for failure to comply with *Lone Pine*-type order).

[*7] Because appellants have waived their first issue, we have nothing to review.

### B. Dismissal for Non-Compliance

In their second issue, appellants argue that the penalty imposed by the trial court for failure to comply with the *Lone Pine* order exceeded the discretionary power of the court and represented unfair, unjust, and excessive sanctions.

Imposition of sanctions for abuse of the discovery process are reviewed under an abuse of discretion standard. *Koslow's v. Mackie, 796 S.W.2d 700, 704, 34 Tex. Sup. Ct. J. 27 (Tex. 1990)*. A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42, 29 Tex. Sup. Ct. J. 88 (Tex. 1985)*. When reviewing matters committed to the trial court's discretion, a court of appeals may not substitute its own judgment for the trial court's judgment. *Flores v. Fourth Ct. of Appeals, 777 S.W.2d 38, 41, 32 Tex. Sup. Ct. J. 497 (Tex. 1989)*. Sanctions imposed for abuse of discovery must meet a two-pronged test: they must be directly related to the offensive conduct and they must be no more severe than necessary to satisfy the court's [*8] legitimate purposes. *TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917, 34 Tex. Sup. Ct. J. 701 (Tex. 1991)*. Discovery sanctions cannot be used to adjudicate the merits of a party's claims unless a party's hindrance of the discovery process justifies a presumption that its claims lack merit. *Id. at 918*.

Appellants rely on *Williams v. Akzo Nobel Chemical, Inc., 999 S.W.2d 836 (Tex. App.--Tyler 1999, no writ)*, to support their argument that the trial court's dismissal of the causes of action for 23 appellants was not directly related to the offensive conduct and was more severe than necessary. In *Williams*, the trial court issued a case management order, requiring each plaintiff to submit affidavits with detailed information regarding his or her claim. *Id. at 841*. The plaintiffs argued that they needed additional information from the defendants to comply with the order and that they could not get such information because the trial court had stayed regular discovery. *Id.* The trial court dismissed the plaintiffs' claims. *Id.*

The court of appeals reversed, concluding that neither prong of the *TransAmerican* test had [*9] been met. *Id.* The court of appeals reasoned that, at the hearing on the plaintiffs' motion to reconsider the dismissal, no evidence was presented, and the trial court made no attempt to determine whether the failure to comply was the fault of the parties, the attorneys, or both; thus, the trial court could not make a determination regarding whether there was a direct relationship between the failure to comply with the order and the dismissal. *Id. at 843*. Furthermore, the trial court had not made use of any lesser sanctions listed in *rule 215 of the Texas Rules of Civil Procedure*, and the court of appeals did not consider the case to be one in which death penalty sanctions should be imposed in the first instance. *Id. at 844*.

Moreover, the court of appeals noted that the plaintiffs had not refused to comply with the order; they simply asserted that they needed more information from the defendants and more time for their response. *Id. at 845*. The court of appeals, concluding that the trial court was not justified in dismissing the causes, reversed the trial court's judgment. *Id.*

The present case is clearly [*10] distinguishable from *Williams*. Appellants dismissed their first lawsuit and refiled it in another court in an attempt to avoid the first *Lone Pine* order. When their second suit was transferred to the original trial court and a second *Lone Pine* order was issued, they did not object, but made no real effort to comply with the order. [4] Affidavits by a physician were filed on behalf of 37 plaintiffs. No physicians' affidavits were filed on behalf of 13 plaintiffs and no affidavits on behalf of any plaintiffs were filed to establish property damage.

> 4  On October 1, 2002, after the trial court pointed out to appellants, during the hearing on appellee's motion to dismiss on September 30, 2002, that appellants had not objected to the *Lone Pine* order, appellants filed a motion to incorporate by reference their objections that were filed in the previous case. At the continuation of the hearing, on October 2, the trial court stated that it would grant the motion to dismiss. The order granting the motion does not appear in the appellate record.

[*11] At the hearing on appellee's motion to dismiss, the trial court ruled that these affidavits did not comply with its order because they did not address the manner or duration of each chemical exposure, did not say what substances each plaintiff was exposed to, and did not say what tests were performed or what treatment was provided for each plaintiff. The trial court noted that the order apprised the plaintiffs that, if they did not comply with the order, their cases would be dismissed. The court announced its decision to enforce the order by dismissing the suits, but said it would afford the plaintiffs the opportunity to reinstate them by complying with the order within 30 days. Twenty-seven plaintiffs filed complying medical affidavits and had their personal injury claims reinstated. Appellants herein did not file any affidavits after the order dismissing their suits. We hold that, because appellants had fair notice under the order that noncompliance would result in dismissal, the dismissal was directly related to the failure to comply, and the first prong of *Williams* has been met.

Moreover, unlike the plaintiffs in *Williams*, appellants in this case have, by their actions, [*12] refused to comply with the court's order in spite of being given multiple opportunities to do so. Appellants did not object timely to the order, seek any amendments, or offer any reasons why they could not comply. On appeal, appellants state that the 13 appellants who filed no medical affidavit did not see a doctor. But in their petition, appellants alleged, "Because of the nature and severity of the injuries, Plaintiffs have required medical care and treatment . . . ." In addition, 12 appellants who apparently sought some medical care did not file medical affidavits to provide the information required by the *Lone Pine* order. Under these circumstances, appellants' failure to comply with the *Lone Pine* order clearly justifies the presumption that their claims lack merit.

The trial court's dismissal of appellants' lawsuit was not a "dismissal in the first instance." Although the trial court did not impose any lesser sanctions, appellants, over a 15-month period of time, had multiple opportunities to comply with the order. Instead, appellants first non-suited their initial lawsuit and refiled it in an attempt to avoid the order. When the second order was issued, appellants first [*13] responded by filing affidavits that did not comply with the order. When appellee's challenge to those affidavits were sustained by the trial court, appellants did not file any affidavits, choosing instead to challenge the trial court's enforcement of its order.

We hold that, in light of appellants' many opportunities to comply with the court's order and their refusal to do so, even when given the opportunity to comply *after* the dismissal order was signed, the dismissal was not more severe than necessary to satisfy the court's legitimate purposes. We further hold that the second prong of the *TransAmerican* test has been satisfied.

We overrule appellants' second issue. [5]

> 5  Under their second issue, appellants make some references to their claims in nuisance and trespass. However, appellants do not make any references to the record regarding these claims and do not cite any authority in their brief regarding these claims. The trial court explained

at the October 2 hearing that the *Lone Pine* order was made without reference to specific causes of action, and that appellants' nuisance and trespass claims, by their own admission, were dependent on personal injury and property damages. Because appellants have not developed any complaint regarding the dismissal of their nuisance and trespass claims by argument, citation to authorities, and record references, we decline to address them. *See RE/MAX of Texas, Inc. v. Katar Corp.*, 961 S.W.2d 324, 328 (Tex. App.--Houston [1st Dist.] 1997, pet. denied)

(concluding that appellant's failure to make argument, cite authority, or refer to record in support of contention resulted in nothing for court to review).

[*14] **Conclusion**

We affirm the judgment of the trial court.

Sam Nuchia

Justice