UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRISSELLE RAMOS, on behalf of herself and all others similarly situated ) )<br><br>Plaintiff, ) )<br><br>v. ) )<br><br>PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC. ) ) ) )<br><br>Defendants. ) ) | **Civil Action No. 08-cv-2703**<br><br>Judge Lefkow<br><br>Magistrate Judge Schenkier |
| DINA SCALIA, JENNIFER SUAREZ, and MARISSA LOPEZ, on behalf of themselves and all others similarly situated ) ) )<br><br>Plaintiffs, ) )<br><br>v. ) )<br><br>PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., ) ) ) )<br><br>Defendants. ) ) | **Case No. 08-cv-2828**<br><br>Judge Lefkow<br><br>Magistrate Judge Schenkier |

**DEFENDANT MEDELA INC.'S RESPONSE TO
DEFENDANT LEARNING CURVE BRANDS, INC.'S MOTION
FOR REASSIGNMENT AND CONSOLIDATION OF RELATED CASE**

Defendant Medela Inc. ("Medela") by and through its attorneys, Winston & Strawn LLP, hereby responds to Defendant Learning Curve Brands, Inc.'s Motion for Reassignment and Consolidation of Related Case, which was filed on June 26, 2008:

1

1.      By order dated June 10, 2008, this Court determined that the nearly-identical cases captioned above -- the "Ramos Action" and the "Scalia Action" -- were "related" for purposes of Federal Rule of Civil Procedure 41(a) and Local Rule 40.4, and that the conditions for reassignment set forth in Local Rule 40.4(b) were satisfied. The Court, therefore, granted Plaintiffs' motion for reassignment and consolidation of the Scalia Action with the Ramos Action. The Executive Committee entered an order on June 11, 2008 that officially reassigned the Scalia Action to this Court.

2.      Medela agrees that on or about June 11, 2008, a new plaintiff filed a Class Action Complaint that is nearly identical to the complaints filed in the above-captioned cases. The new case, styled *Smith v. Playtex Products, Inc.*, Case No. 08-cv-3352 (N.D. Ill.) (the "Smith Action") was assigned to the Honorable Virginia Kendall.

3.      Medela does not contest the instant motion, but Medela states that there are many different and individualized factual and legal questions that will be at issue in this litigation. For example, key issues that underpin each claim in these cases, such as whether there is exposure to lead from a particular product, causation, and damage/injury will be different for each defendant (and for each plaintiff) because each defendant manufactures a different product, has different marketing, and has different purchasers with different children. For that reason (and others), Medela filed a motion to sever the claims against Medela from the claims against the other Defendants in the Ramos Action (*see* Dkt. #26 and #28), and Medela anticipates filing virtually identical motions in the Scalia Action and Smith Action in due course.[1]

---

[1]  Even if the claims against Medela are severed, numerous individualized factual and legal issues will remain that preclude class certification in these cases.

2

4.	Thus, while Medela does not contest the reassignment of the Smith Action to this Court, Medela maintains that the claims against Medela should be severed from the claims against the other defendants.  Further, Medela respectfully reserves the right to assert and argue the existence of individualized issues in this litigation, including but not limited to making such assertions and arguments in the context of a motion to decertify or in opposition to a motion for class certification.

Dated:  June 27, 2008	Respectfully submitted,

	MEDELA INC.


	By:  /s/  Susan M. Benton
	        One of Its Attorneys


	Susan M. Benton  (sbenton@winston.com)
	Alexis T. MacDowall  (amacdowall@winston.com)
	Kevin A. Banasik  (kbanasik@winston.com)
	Charles W. Kierpiec  (ckierpiec@winston.com)
	**WINSTON & STRAWN LLP**
	35 West Wacker Drive
	Chicago, Illinois 60601
	(312) 558-5600
	(312) 558-5700 (fax)

	*Attorneys for Defendant,*
	  *Medela Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June 2008, I caused a copy of the foregoing document, DEFENDANT MEDELA INC.'S RESPONSE TO DEFENDANT LEARNING CURVE BRANDS, INC.'S MOTION FOR REASSIGNMENT AND CONSOLIDATION OF RELATED CASE, to be filed electronically. Notice of this filing will be sent to the attorneys listed immediately below by operation of the Court's ECF system, which notice shall constitute service pursuant to Local Rule 5.9. Parties may access this filing through the Court's system.

*Attorneys for Plaintiffs:*

Mary Jane Fait  (fait@whafh.com)
Theodore B. Bell  (tbell@whafh.com)
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603


*Attorneys for RC2 Corporation and Leading Curves Brands, Inc.:*

Bart Thomas Murphy  (bart.murphy@icemiller.com)
Thomas J. Hayes  (thomas.hayes@icemiller.com)
ICE MILLER LLP
2300 Cabot Drive, Suite 455
Lisle, Illinois  60532


*Attorneys for Playtex Products, Inc.:*

Andrew Rothschild  (arothschild@lewisrice.com)
Richard B. Walsh, Jr.  (rwalsh@lewisrice.com)
LEWIS, RICE & FINGERSH
500 North Broadway, Suite 2000
St. Louis, Missouri  63102

Dexter G. Benoit  (dbenoit@ngelaw.com)
Robert Edward Browne  (rbrowne@ngelaw.com)
NEAL, GERBER & EISENBERG
Two North LaSalle Street, Suite 2200
Chicago, Illinois  60602

I further certify that on this 27th day of June 2008, I caused a copy of the foregoing document, DEFENDANT MEDELA INC.'S RESPONSE TO DEFENDANT LEARNING CURVE BRANDS, INC.'S MOTION FOR REASSIGNMENT AND CONSOLIDATION OF RELATED CASE, to be served on the following attorneys, who are counsel for plaintiff in the Smith Action, by first class U.S. mail, with courtesy copies provided by e-mail:

*Attorneys for Plaintiff Jessica Smith:*

Elizabeth A. Fegan  (beth@hbsslaw.com)
Timothy P. Mahoney  (timm@hbsslaw.com)
Daniel J. Kurowski  (dank@hbsslaw.com)
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Boulevard, Suite B
Oak Park, Illinois  60301


　　　　　　　　　　　　　　　　　　　　　　　　/s/ Kevin A. Banasik