UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRISSELLE RAMOS, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08-CV-2703 |
| v. | ) ) | Judge Lefkow |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., | ) ) ) ) ) | Magistrate Judge Schenkier |
| Defendants. | ) | |
| DINA SCALIA, et al., on behalf of themselves and others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08-CV-2828 |
| v. | ) ) | Judge Lefkow |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., | ) ) ) ) ) | Magistrate Judge Ashman |
| Defendants. | ) | |
| JESSICA SMITH, on behalf of herself and all others similarly situation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08-CV-3352 |
| v. | ) ) | Judge Lefkow |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., | ) ) ) ) ) | Magistrate Judge Brown |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT PLAYTEX PRODUCTS, INC.'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS FOR LACK OF STANDING OR,
IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

1469197.01

## INTRODUCTION

The Court should dismiss Plaintiffs' Complaints against Defendant Playtex Products, Inc. ("Playtex") for lack of standing because the Complaints do not clearly and specifically allege that any Plaintiff has incurred an injury fairly traceable to Playtex's conduct. Plaintiffs do not allege that any of them actually purchased a Playtex "Fridge-to-Go" vinyl portable bottle cooler at issue in this case. Rather, each Plaintiff alleges only that she purchased "one or more" of three different vinyl plastic baby products made by three different defendants. (Ramos Compl., at ¶ 8; Scalia Compl., at ¶ 11; Smith Compl., at ¶ 8). These vague and speculative allegations are insufficient to confer standing on Plaintiffs. As a result, the Court should dismiss Plaintiffs' Complaints against Playtex or, in the alternative, should order Plaintiffs to amend their Complaints and provide a more definite statement of their claims in which each Plaintiff states with specificity whether she has purchased a Playtex "Fridge-to-Go" vinyl portable bottle cooler.

## THE COMPLAINT

Plaintiff Ramos filed a putative nationwide class action complaint on May 9, 2008 against Playtex, RC2 Corporation, Learning Curve Brands, Inc.,[1] and Medela, Inc. Approximately one week later, counsel for Plaintiff Ramos filed a second putative nationwide class action complaint against the same defendants on behalf of Plaintiffs Scalia, Suarez, and Lopez, with the only differences between the complaints being the plaintiffs' names and states of citizenship. On June 10, 2008, this Court consolidated the two cases. (Dkt. # 40). On June 11, 2008, Plaintiff Smith filed a third putative nationwide class action complaint against the same defendants. Although Plaintiff Smith is represented by different counsel, the only difference

---

[1] Learning Curve Brands, Inc. is apparently a marketing subsidiary of manufacturer RC2 Corporation and is responsible for the advertising and promotion of the RC2 product at issue in this litigation. (Ramos Compl., at ¶ 11). For purposes of this brief, all references to RC2 should be assumed to include Learning Curve Brands.

2

between her complaint and the earlier two complaints are the plaintiffs' names and states of citizenship.[2]  On June 27, 2008, this Court consolidated the <u>Smith</u> case with the <u>Ramos</u> and <u>Scalia</u> cases.  (Dkt. # 60).

Plaintiffs' Complaints allege that a California environmental group, the Center for Environmental Health, identified three products manufactured by these three defendants in a report on the lead content of children's products.  (Ramos Compl., at ¶¶ 4-5, 30-32).  The Complaints also allege that each one of the three different products manufactured by each one of the three different defendants is unsafe for children because each allegedly increases a child's risk of lead exposure.  (<u>Id.</u> at ¶¶ 2, 4, 6, 30-32).  Plaintiffs have alleged four counts against each defendant.  They assert: (1) that each defendant's advertising and marketing materials were deceptive and unfair, and thus in violation of the deceptive trade practice laws of forty-three states (<u>Id.</u> at ¶¶ 42-44, 62-64); (2) that each product breaches the implied warranty of merchantability in twenty-three states (<u>Id.</u> at ¶¶ 68-77); and (3) that each defendant was negligent and failed to exercise ordinary care in the development of its product (<u>Id.</u> at ¶¶ 78-84).  Plaintiffs seek disgorgement and injunctive relief from each defendant.  (<u>Id.</u> at ¶¶ 85-89).  Plaintiffs demand refunds of the money they paid for the defendants' products, as well as recovery of their past or future expenses in obtaining the medical testing and monitoring they claim is necessary due to their children's exposure to traces of lead allegedly contained in the defendants' various products.  (<u>Id.</u> at ¶¶ 7, 47-48).

Plaintiffs do not claim that any of them actually purchased a Playtex product.  Rather, Plaintiff Ramos alleges that she "purchased *one or more* VPBPs [vinyl plastic baby products] based on Defendants' representations that the products are safe for children and are intended to

---

[2] Plaintiffs Lopez and Smith both allege that they are citizens of California.

be used in connection with feeding infants." (Ramos Compl. at ¶ 8) (emphasis added). Plaintiffs Scalia, Suarez, Lopez, and Smith have made the identical allegation. (Scalia Compl. at ¶ 11; Smith Compl. at ¶ 8). Plaintiffs do not allege that Playtex is liable jointly, severally, or in the alternative with any other defendant. Nor do they allege that the conduct of Playtex giving rise to their claims was undertaken in collaboration with RC2 or Medela, or that there is any relationship or arrangement between Playtex and RC2, or between Playtex and Medela.

## ARGUMENT

### A.  The Governing Standards

#### 1.  Motion to Dismiss for Lack of Standing

Because standing pertains to the Court's subject matter jurisdiction, a motion to dismiss for lack of standing is raised pursuant to Fed. R. Civ. P. 12(b)(1). Gavin v. AT&T Corp., 543 F. Supp. 2d 885, 894 n.10 (N.D. Ill. 2008). The standard governing such a motion, however, is the same as the standard governing a Rule 12(b)(6) motion -- the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. Id. (citing St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 625 (7th Cir. 2007)); see also Warth v. Seldin, 422 U.S. 490, 501 (1975). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007); see also E.E.O.C. v. Concentra Health Servs., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007).

To have standing to bring suit, a plaintiff must establish three elements. First, the plaintiff must have suffered an "injury in fact," meaning an "invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal citations and

quotation marks omitted). Second, that injury in fact must have been caused by the conduct of the defendant that the plaintiff is complaining about; the injury has to be "fairly traceable to the challenged action of the defendant," and not the result of the independent action of some third party. Id. "Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id.; see also Indiana Right to Life, Inc. v. Shepard, 507 F.3d 545, 549 (7th Cir. 2007) ("To have standing, a plaintiff must have a cognizable injury that is causally connected to the alleged conduct and is capable of being redressed.").

Plaintiffs bear the burden of establishing the elements of standing. See Lujan, 504 U.S. at 561. To meet this burden, Plaintiffs "must clearly and specifically set forth facts sufficient to satisfy these ... standing requirements." Whitmore v. Arkansas, 495 U.S. 149, 155 (1990); see also Loritz v. U.S. Court of Appeals for Ninth Circuit, 382 F.3d 990, 992 (9th Cir. 2004) (stating that plaintiffs must allege "specific facts" sufficient to satisfy standing elements). Speculation regarding the causation element is insufficient to confer standing on a plaintiff. Nat'l Mitigation Banking Ass'n v. United States Army Corps of Eng'rs, No. 06-CV-2820, 2007 U.S. Dist. LEXIS 10528, at *49, 2007 WL 495245, at *15 (N.D. Ill. Feb. 14, 2007) (citing Wisconsin v. FERC, 192 F.3d 642, 646 (7th Cir. 1999)); see also Ecological Rights Found. v. Pacific Lumber Co., 230 F.3d 1141, 1152 (9th Cir. 2000) (noting that "the causal connection put forward for standing purposes cannot be too speculative or rely on conjecture").

The standing inquiry remains the same even if the case is proceeding as a putative class action: "That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." Simon v. Eastern Kentucky Welfare Rights

Org., 426 U.S. 26, 40 n.20 (1976); see also Payton v. County of Kane, 308 F.3d 673, 682 (7th Cir. 2002) ("[I]t bears repeating that a person cannot predicate standing on injury which he does not share. Standing cannot be acquired through the back door of a class action."). To have standing to sue as a class representative, the plaintiff must be part of that class, "that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents." Keele v. Wexler, 149 F.3d 589, 592-93 (7th Cir. 1998) (citing Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 216 (1974)). Further, a plaintiff must demonstrate standing for each claim he seeks to press. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332 (2006); Morlan v. Universal Guar. Life Ins. Co., 298 F.3d 609, 616 (7th Cir. 1998).

### 2. Motion for More Definite Statement

The Court has discretion to treat vague pleadings under either Rule 12(b)(6) or Rule 12(e). See 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (3d ed. 2004) ("If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated."). Under Rule 12(e), the Court may require a party to cure defects in a vague or ambiguous pleading so as to allow the opposing party to frame a responsive pleading. See Jones v. Target Stores, No. 07-CV-0653-CVE-SAJ, 2008 U.S. Dist. LEXIS 37744, at *1-3, 2008 WL 2020321, at *1 (N.D. Okla. May 8, 2008) (granting defendant's motion for more definite statement and ordering plaintiff to file amended complaint); see also Fisher v. Caruso, Nos. 03-71804, 06-11110, 2007 U.S. Dist. LEXIS 45366, at *9-10 n.3, 2007 WL 1827395, at *3 n.3 (E.D. Mich. June 22, 2007) (noting that although Twombly was decided in context of a Rule 12(b)(6) motion to dismiss, its holdings are equally applicable in context of motion for more definite statement).

B.  **Plaintiffs' Complaints Do Not Clearly and Specifically Set Forth Facts Sufficient to Establish a Causal Connection Between Plaintiffs' Alleged Injuries and Playtex's Conduct.**

In the instant case, Plaintiffs' allegations against Playtex fail to establish the second standing element -- that Plaintiffs' injuries were caused by or fairly traceable to Playtex's conduct and not the result of the independent action of some third party. Lujan, 504 U.S. at 560 (1992). Id. Absent from Plaintiffs' Complaints are any allegations that any of them actually purchased a Playtex "Fridge-to-Go" vinyl portable bottle cooler. Rather, each Plaintiff alleges only that she has purchased "one or more" of three products manufactured by three different defendants at issue in this case. Thus, it is possible that one or more Plaintiffs has not purchased a Playtex "Fridge-to-Go" vinyl portable bottle cooler and does not have standing to pursue claims against Playtex. At a minimum, the vague, conclusory, and disjunctive nature of these allegations fails to establish a clear and specific causal connection between Plaintiffs' alleged injuries and Playtex's conduct, as required by Supreme Court precedent and the other cases discussed in Section A.1, supra. See also Cattie v. Wal-Mart Stores, Inc., 504 F. Supp. 2d 939, 943-44 (S.D. Cal. 2007) (finding that disjunctive allegations in plaintiff's complaint were insufficient to show that defendant retailer was involved in alleged wrongdoing, and thus granting motion to dismiss for lack of standing as to that defendant because plaintiff had not adequately shown her injury was traceable to actions of that defendant).

The Court should therefore dismiss Plaintiffs' Complaints because Plaintiffs fail "to raise a right to relief above the speculative level" as to Playtex. Twombly, 127 S. Ct. at 1965. In the alternative, the Court should order Plaintiffs to amend their Complaints and provide a more definite statement of their claims in which each Plaintiff states with specificity whether she has purchased a Playtex "Fridge-to-Go" vinyl portable bottle cooler.

## CONCLUSION

For the reasons set forth above, Playtex respectfully requests that the Court grant its motion to dismiss for lack of standing and enter an order dismissing Plaintiffs' Complaints. In the alternative, Playtex respectfully requests that the Court grant its alternative motion for more definite statement and enter an order requiring Plaintiffs to amend their Complaints and provide a more definite statement of their claims in which each Plaintiff states with specificity whether she has purchased a Playtex "Fridge-to-Go" vinyl portable bottle cooler.

Respectfully submitted,

LEWIS, RICE & FINGERSH, L.C.

Dated: July 2, 2008

By:   /s/ Andrew Rothschild
Andrew Rothschild, 90785356
Richard B. Walsh, Jr., 6187007
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
(314) 444-7603
(314) 612-7603 (facsimile)

NEAL, GERBER & EISENBERG, LLC
Robert E. Browne, 0321761
Dexter G. Benoit, 6284677
Two N. LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 269-5225
(312) 750-6418 (facsimile)

*Counsel for Defendant Playtex Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July 2008, I caused a copy of the foregoing document, BRIEF IN SUPPORT OF DEFENDANT PLAYTEX PRODUCTS, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINTS FOR LACK OF STANDING OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT, to be filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's ECF system. Parties may access this filing through the Court's system.

*Counsel for Plaintiffs Ramos, Scalia, Suarez, and Lopez:*

    Mary Jane Fait          fait@whafh.com
    Adam J. Levitt          alevitt@whafh.com
    Theodore B. Bell        tbell@whafh.com
    WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
    55 West Monroe Street, Suite 1111
    Chicago, IL 60603

*Counsel for Plaintiff Smith:*

    Elizabeth A. Fegan      beth@hbsslaw.com
    Timothy P. Mahoney    timm@hbsslaw.com
    Daniel J. Kurowski      dank@hbsslaw.com
    HAGENS BERMAN SOBOL SHAPIRO LLP
    820 North Blvd., Suite B
    Oak Park, IL 60301

*Counsel for Defendants RC2 Corporation and Learning Curve Brands, Inc.:*

    Bart T. Murphy         bart.murphy@icemiller.com
    Thomas J. Hayes       Thomas.hayes@icemiller.com
    Jenee M. Straub        Jenee.straub@icemiller.com
    ICE MILLER LLP
    2300 Cabot Drive, Suite 455
    Lisle, IL 60532

*Counsel for Defendant Medela Inc.:*

    Susan M. Benton        sbenton@winston.com
    Alexis T. MacDowall    amacdowall@winston.com
    Kevin A. Banasik       kbanasik@winston.com
    Charles W. Kierpiec    ckierpiec@winston.com
    WINSTON & STRAWN LLP
    35 West Wacker Drive
    Chicago, IL 60601

                                      /s/ Andrew Rothschild