UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRISSELLE RAMOS, on behalf of herself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 08-CV-2703 |
| v. ) ) | Judge Lefkow |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., ) ) ) ) ) | Magistrate Judge Schenkier |
| Defendants. ) | |
| DINA SCALIA, et al., on behalf of themselves and others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | Case No. 08-CV-2828 |
| v. ) ) | Judge Lefkow |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., ) ) ) ) | Magistrate Judge Ashman |
| Defendants. ) | |
| JESSICA SMITH, on behalf of herself and all others similarly situation, ) ) ) | |
| Plaintiff, ) ) | Case No. 08-CV-3352 |
| v. ) ) | Judge Lefkow |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., ) ) ) ) | Magistrate Judge Brown |
| Defendants. ) | |

**DEFENDANT PLAYTEX PRODUCTS, INC.'S MOTION
TO SEVER CLAIMS AGAINST PLAYTEX PRODUCTS, INC**

1467782.01

Pursuant to Fed. R. Civ. P. 20 and 21, Defendant Playtex Products, Inc. ("Playtex"), by and through its undersigned attorneys, respectfully moves this Court to sever Plaintiffs' claims against Playtex from the claims asserted in this action against the other Defendants, and proceed with the claims against Playtex as a separate civil action. In support of its motion, Playtex states as follows:

1.  Plaintiffs have brought these putative class actions against Playtex and three unrelated defendants; their claims arise out of the alleged presence of polyvinyl materials containing lead in products that are separately manufactured and sold by the various defendants.

2.  Plaintiffs assert, on behalf of the putative class and against each defendant, claims for: (a) deceptive trade practices, invoking the laws of forty-three different jurisdictions, (c) breach of implied warranties of merchantability, invoking the laws of twenty-three different jurisdictions, and (c) negligence and unjust enrichment, invoking the common law of all fifty states.

3.  Under Fed. R. Civ. P. 20(a), defendants may be joined in one action only if (1) the plaintiffs assert against each of them a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all the defendants will arise in the action. Defendants are misjoined if the claims against them do not satisfy the permissive joinder requirements of Rule 20.

4.  Under Fed. R. Civ. P. 21, severance is the proper remedy for misjoined parties. Moreover, even if defendants are properly joined in the first instance, the Court may sever the claims against them into separate civil actions if doing so would serve the interests of justice and judicial economy.

5.  The Defendants are misjoined here, because neither of the Rule 20 requirements for joinder is satisfied:

  (a)  Damage claims against different manufacturers arising from their separate manufacture, advertising and sale of different products do not arise from the same transaction or occurrence, or series of transactions or occurrences, even if the claims are similar; and

  (b)  Questions of law and fact are not "common questions" simply because they arise in the same area of law or are similar in nature; rather, common questions are those capable of joint adjudication; Plaintiffs have not shown the existence of such questions here.

6.  Severing Playtex would further judicial economy and fairness by reducing the expense and complexity of pretrial proceedings as to each defendant and avoiding jury confusion and undue prejudice.

7.  Joinder of the defendants will impede judicial economy and be fundamentally unfair because it would result in an unnecessarily complex trial and involve substantial technical testimony specific to each defendant that is likely to affect the jury's opinion of the defendants collectively and improperly influence the jury's determination of to Playtex's individual liability.

8.  A supporting Memorandum of Law is filed with this motion.

WHEREFORE, Playtex respectfully moves, pursuant to Fed. R. Civ. P. 20 and 21, that this Court sever Playtex and proceed with it separately from the other defendants.

                        Respectfully submitted,

                        **LEWIS, RICE & FINGERSH, L.C.**

Dated: July 2, 2008        By:   /s/ Andrew Rothschild
                                       Andrew Rothschild, 90785356
                                         Richard B. Walsh, Jr., 6187007
                                         500 North Broadway, Suite 2000
                                         St. Louis, Missouri 63102
                                         (314) 444-7603
                                         (314) 612-7603 (facsimile)

                        **NEAL, GERBER & EISENBERG, LLC**
                        Robert E. Browne, 0321761
                        Dexter G. Benoit, 6284677
                        Two N. LaSalle Street, Suite 2200
                        Chicago, Illinois 60602
                        (312) 269-5225
                        (312) 750-6418 (facsimile)

                        *Counsel for Defendant Playtex Products, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 2nd day of July 2008, I caused a copy of the foregoing document, DEFENDANT PLAYTEX PRODUCTS, INC.'S MOTION TO SEVER CLAIMS AGAINST PLAYTEX PRODUCTS, INC, to be filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's ECF system. Parties may access this filing through the Court's system.

*Counsel for Plaintiffs Ramos, Scalia, Suarez, and Lopez:*

    Mary Jane Fait          fait@whafh.com
    Adam J. Levitt          alevitt@whafh.com
    Theodore B. Bell        tbell@whafh.com
    WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
    55 West Monroe Street, Suite 1111
    Chicago, IL 60603

*Counsel for Plaintiff Smith:*

    Elizabeth A. Fegan      beth@hbsslaw.com
    Timothy P. Mahoney    timm@hbsslaw.com
    Daniel J. Kurowski      dank@hbsslaw.com
    HAGENS BERMAN SOBOL SHAPIRO LLP
    820 North Blvd., Suite B
    Oak Park, IL 60301

*Counsel for Defendants RC2 Corporation and Learning Curve Brands, Inc.:*

    Bart T. Murphy         bart.murphy@icemiller.com
    Thomas J. Hayes       Thomas.hayes@icemiller.com
    Jenee M. Straub        Jenee.straub@icemiller.com
    ICE MILLER LLP
    2300 Cabot Drive, Suite 455
    Lisle, IL 60532

*Counsel for Defendant Medela Inc.:*

    Susan M. Benton        sbenton@winston.com
    Alexis T. MacDowall    amacdowall@winston.com
    Kevin A. Banasik       kbanasik@winston.com
    Charles W. Kierpiec    ckierpiec@winston.com
    WINSTON & STRAWN LLP
    35 West Wacker Drive
    Chicago, IL 60601

                                         /s/ Andrew Rothschild