**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GRISSELLE RAMOS, on behalf of herself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | ) **Civil Action No. 08-cv-2703**<br>)<br>) |
| v. | )<br>) |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., | ) Judge Lefkow<br>)<br>) Magistrate Judge Schenkier<br>) |
| Defendants. | )<br>) |
| DINA SCALIA, JENNIFER SUAREZ, and MARISSA LOPEZ, on behalf of themselves and all others similarly situated | )<br>)<br>)<br>) |
| Plaintiffs, | ) **Civil Action No. 08-cv-2828**<br>)<br>) |
| v. | )<br>) Judge Lefkow<br>) |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., | )<br>)<br>) Magistrate Judge Schenkier<br>) |
| Defendants. | )<br>) |

**DEFENDANT MEDELA INC.'S BRIEF IN OPPOSITION
TO PLAINTIFFS' MOTION TO STRIKE
<u>DEFENDANT MEDELA'S ANSWER AND DEFENSES</u>**

Plaintiffs' motion to strike portions of Medela Inc.'s Answer and Defenses is a model of how to make a mountain out of a molehill. The bulk of Plaintiffs' quibbles about Medela's pleading have no practical impact whatsoever on this litigation, and the remainder are easily remedied by minor modifications that can be incorporated in an amended pleading.

1

Accordingly, Medela respectfully requests that the Court deny Plaintiffs' motion in its entirety or, in the alternative, permit Medela to file an Amended Answer and Defenses to address any concerns the Court may have about the pleading.[1]

## I.     MOTIONS TO STRIKE ARE DISFAVORED.

The Federal Rules of Civil Procedure require a pleader to provide a "short and plain statement" of the claim or defense showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 8(b); *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The "short and plain statement" must afford the other party "fair notice" of the claim or defense "and the grounds upon which it rests." *Killingsworth*, 507 F.3d at 618 (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)). However, Rule 8 does "not require heightened fact pleading of specifics," but merely "enough facts to state a claim to relief that is plausible on its face." *Id*. (quoting *Bell Atlantic*, 127 S. Ct. at 1974).

Plaintiffs' Rule 12(f) motion asks the Court to strike portions of Medela's Answer and Defenses. While motions to strike occasionally may be useful "removing 'unnecessary clutter,'" such motions "are generally disfavored because of the likelihood that they may only serve to delay proceedings." *Zaragon Holdings, Inc. v. Indian Harbor Insurance Co.*, 2008 WL 1883472, at *3 (N.D. Ill. Apr. 25, 2008) (Lefkow, J.); *see also Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (general rule is that "motions to strike are disfavored"). As shown below, Plaintiffs' motion to strike should be denied because it poses the very delay that justifies the general policy against such motions.

---

[1] Plaintiffs filed a single motion to strike that is applicable in both the Ramos Action and the Scalia Action. The parties' respective pleadings in the two cases are nearly identical, differing primarily in the identity of the named plaintiffs. For convenience, this brief cites only the pleadings in the Ramos Action.

**II.    MEDELA'S ANSWER IS PROPER, BUT EVEN IF PORTIONS OF IT WERE NOT, THERE IS NO NEED TO GRANT THE MOTION TO STRIKE.**

Plaintiffs ask the Court to strike four supposedly offending aspects of Medela's Answer: (1) the Preliminary Statement; (2) statements in certain responses that the allegations of the Complaint "state legal conclusions to which no response is required"; (3) statements in certain responses that various documents referenced by Plaintiffs in the Complaint "speak for themselves;" and (4) demands in certain responses for "strict proof" of the allegations. None of these items should be stricken from the Answer.

<u>Preliminary Statement</u>: Plaintiffs object to the Preliminary Statement on the grounds that it does not specifically reference any of Plaintiffs' allegations; that it supposedly makes "unsupported assertions;" that it is "redundant of Medela's later denials" in its responses to specific allegations; and is "irrelevant." (Br. at 2-3.) These are makeweight arguments.

First, the Preliminary Statement is applicable to the Complaint generally because it provides important factual context for many of the allegations and responses throughout the two pleadings. Plaintiffs acknowledge this by noting that much of the material in the Preliminary Statement appears in Medela's later responses.[2] Second, the Federal Rules adopt "notice" pleading, and Medela therefore is not required to "support" its assertions or provide each and every fact that qualifies its admissions or denials. Third, although some of the material in the Preliminary Statement appears in some later responses to specific allegations, the Preliminary Statement provides a concise summary of facts bearing on the alleged basis for all of the claims asserted by Plaintiffs, and it clarifies important characteristics of Medela's product.

---

[2]    Plaintiffs' related assertions -- that Rule 8 "does not provide for" such preliminary statements and that Local Rule 10.1 "directly prohibits" such statements -- are unavailing for the same reason: Medela's Preliminary Statement is generally applicable to Plaintiffs' allegations. Moreover, while Plaintiffs' Rule-based argument might have some appeal if Medela had responded to the complaint *solely* with its Preliminary Statement, that plainly is not

Finally, the facts asserted in the Preliminary Statement are not "irrelevant." Quite to the contrary, those facts demonstrate fundamental flaws in Plaintiffs' claims, including the lack of exposure to lead from the product.[3] In sum, the Preliminary Statement is a "short and plain statement" showing that Medela is entitled to the relief it requests in its Answer and Defenses.

<u>Legal Conclusions</u>: Plaintiffs object to Medela's statement, contained in responses to certain allegations, that "no response is required" when the allegation states a legal conclusion. Plaintiffs insist that a party is obligated to admit or deny such allegations, or state that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations. (Br. at 3.) Even if that is true, it is irrelevant because in most such instances Medela's responses went on to provide one of the "authorized" responses. (Compl. at ¶ 5 ("…. To the extent that the allegations contained in Paragraph 5 state a legal conclusion, no response is required; to the extent a response to such allegations is required, Medela denies such allegations. ….."); *see also id*. at ¶¶ 13-14, 35, 37-38 49, 51-59, 79, and 86.)

<u>"Speaks for Itself"</u>: Plaintiffs object to Medela's statement, in response to certain allegations pertaining to various documents or laws cited by Plaintiffs, that the document or laws "speak for themselves." (Br. at 3-4.) Medela acknowledges that such responses do not use the typical "admit", "deny", or "lacks knowledge" language, but Medela submits that there are no "magic words" required to be used in responding to allegations of the complaint. Medela further submits that the phrase it used -- "the document (or law) speaks for itself" -- is a colloquialism that is understood to mean that the responding party admits that the referenced document (or

---

the case here -- in addition to its Preliminary Statement, Medela *did* respond to each specific allegation in numbered paragraphs corresponding to the paragraphs of the Complaint to which the response was directed.

[3]    Plaintiffs state that the refusal of the Center for Environmental Health ("CEH") to pursue its own claims against Medela "has no bearing on the substance of Plaintiffs' claims that Medela's [bottle cooler carrier] contains lead." (Pltff. Br. at 3.) That assertion is flatly contradicted by Plaintiffs' own Complaint, which shows that the CEH's "findings" are the basis for Plaintiffs' claims. (Compl. at ¶¶ 4, 6, 30-33.)

law) contains or reflects the words that are on its face, but that the party lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations pertaining to that document (or law), such as the truth, import, meaning, or effect of those words. To the extent that the Court deems such responses deficient and is inclined to strike them, Medela respectfully requests that the Court allow Medela an opportunity to re-plead the challenged responses to clarify them rather than have the allegations to which they were directed deemed to be admitted. *See State Farm Mutual Automobile Insurance Co. v. Riley*, 199 F.R.D. 276, 279-80 (N.D. Ill. 2001) (Shadur, J.) (indicating that the usual course of action is to permit an amended pleading when confronted with purported deficiencies in the responses, including for the "legal conclusions" and "speaks for itself" responses, and allowing party to re-plead); *cf. Gilbert v. Johnston*, 127 F.R.D. 145, 146 (N.D. Ill. 1989) (Shadur, J.) (allowing party to re-plead responses that contained demands "for strict proof").

Demands for "Strict Proof": In response to certain allegations, Medela stated that the allegations were "vague and ambiguous as stated," and, therefore, that "Medela lacks knowledge or information sufficient to form a belief as to the truth of the allegations and demands strict proof thereof." Plaintiffs object to these statements and asks the Court to strike the language of the response except for the statement that "Medela lacks knowledge or information sufficient to form a belief as to the truth of the allegations." (Br. at 4-5.) Plaintiffs cite no authority stating that a party is prohibited from qualifying an "authorized" response by explaining that the allegation to which it is directed is vague and ambiguous. Medela acknowledges, however, that the Rules do not provide for demands for "strict proof," but Medela notes that striking such language from the Answer will not result in narrowing the issues to be tried or otherwise expedite the litigation.

### III.　MEDELA'S DEFENSES ARE PROPER.

As note above, a pleading must provide fair notice to the opposing party of the defense "and the grounds upon which it rests." *Killingsworth*, 507 F.3d at 618. Medela agrees with Plaintiffs that, in most instances, affirmative defenses must satisfy three requirements: (1) the defense must be an appropriate affirmative defense; (2) the affirmative defense must be pled adequately; and (3) the affirmative defense must be legally sufficient under Federal Rule 12(b)(6). *See*, *e.g.*, *Huthwaite, Inc. v. Randstad GeneralPartner (US), L.L.C.*, 2006 WL 3065470, at *1 (N.D. Ill. Oct. 24, 2006) (Lefkow, J.) However, courts disfavor motions to strike affirmative defenses, and "[g]enerally such motions will only be granted if the affirmative defenses are patently defective and could not succeed under any circumstances." *Venta (bvba) v. Top Disposal II, Inc.*, 2001 WL 111235, at * 1 (N.D. Ill. Feb. 8, 2001) (Keys, Mag. J.) (citations and quotation omitted); *see also Ocean Atlantic Development Corp. v. Willow Tree Farm L.L.C.*, 2002 WL 485387, at *2 (N.D. Ill. Mar. 29, 2002) (Lefkow, J.) ("general rule is that motions to strike affirmative defenses are disfavored"). Additionally, contrary to Plaintiffs' assertion, affirmative defenses are not improper on the ground that they are redundant of, or could have been set forth as, denials of the allegations of the Complaint. *Rudzinski v. Metropolitan Life Insurance Co.*, 2007 WL 2973830, at *2 (N.D. Ill. Oct. 4, 2007) (Keys, Mag. J.) ("[m]any courts in the Northern District of Illinois -- cognizant of the liberal pleading rules and the disfavoring of motions to strike -- have not stricken affirmative defenses because they could be more properly classified as 'denials.'") (citing and quoting *Venta*, 2001 WL 111235 at * 3); *Ocean Atlantic*, 2002 WL 485387 at *2.

A.  **Medela has asserted both "affirmative" defenses and some selected matters that Medela intends to assert as general defenses against Plaintiffs' claims.**

<u>Defense No. 1</u>:  Citing cases from the Northern District, Plaintiffs contend that "failure to state a claim" is not an appropriate affirmative defense.  (Br. at 6.)  However, Plaintiffs failed to note that other cases decided in this District have reached the opposite conclusion.  *See Ocean Atlantic*, 2002 WL 485387 at *2 (citing cases in the Northern District on both sides of the issue, and refusing to say that "failure to state a claim" "cannot be pled as an affirmative defense"); *Venta*, 2001 WL 111235 at * 1 (citing and agreeing with several Northern District cases in which the Court concluded that "failure to state a claim" could be asserted as an affirmative defense).  Given this split of opinions, and that "the benefit of the doubt is given to the pleader," "failure to state a claim" is a proper affirmative defense.

<u>Defense No. 2</u>:  Medela acknowledges that lack of standing is not an affirmative defense under federal law, and that Plaintiffs have the burden of proving they have standing to assert their claims.  *Huthwaite*, 2006 WL 3065470 at *8.  In this case, however, Plaintiffs have not alleged that they have purchased (or used) Medela's bottle cooler carrier.  (Compl. at ¶ 8 ("Plaintiff purchased one or more VPBPs").)  Medela thus asserted lack of standing to provide notice that it would challenge Plaintiffs to prove this issue.

<u>Defense Nos. 3 and 8</u>:  Plaintiffs challenge these defenses as "redundant" of Medela's denials. (Br. at 7.)  However, that is not a basis for striking them.  *E.g.*, *Rudzinski*, 2007 WL 2973830 at *2 *Ocean Atlantic*, 2002 WL 485387 at *2.

<u>Defense No. 7</u>:  Plaintiffs contend that "lack of proximate cause" is not a proper affirmative defense because that is an element of Plaintiffs' claims and merely redundant of Medela's denials of the relevant allegations.  (Br. at 7-8.)  However, lack of proximate cause is one of the reasons that Plaintiffs have failed to state a claim upon which relief can be granted,

7

and, therefore, this defense is proper as it fits within the permissible affirmative defense of "failure to state a claim." Moreover, as noted above, redundancy of the denials is not a basis for striking an affirmative defense.

<u>Defense Nos. 11 and 12</u>: As noted above, these defenses ("adequate remedy at law" and "lack of imminent harm"; and "punitive damages are unconstitutional") are not improper for being redundant of Medela's denials, but Medela acknowledges that these defenses may not be "affirmative" defenses. Medela asserted them to provide notice that it would challenge Plaintiffs to prove these issues.

<u>Defense Nos. 13 and 14</u>: Medela acknowledges that these simply are statements to provide notice to Plaintiffs that Medela reserves its rights to assert and rely upon other defenses that become known or available as the case progresses.

**B.  Medela has pled its defenses adequately.**

<u>Defense No. 1</u>: Contrary to Plaintiffs' argument, Medela did not merely "parrot" the Federal Rule or state just the bare legal conclusion that Plaintiffs had failed to state a claim. (Br. at 10-11.) Medela adequately pled "failure to state claim" as an affirmative defense because Medela notified Plaintiffs of its contentions that Plaintiffs could not show exposure to lead from its bottle cooler carrier, proximate cause, or any resulting injury. (*E.g.*, Answer and Defenses, Preliminary Statement at pp. 1-2, and Responses to ¶¶ 1-4, 6.) For example, Medela stated in its Preliminary Statement:

> ….  An independent laboratory tested the bottle cooler carriers identified by CEH and found no risk of lead exposure or lead ingestion for children related to the bottle cooler carriers. Testing also showed that there is no detectable lead in the bottles or any components in the path of the breastmilk. ….
>
> It is widely known that lead is hazardous only when an individual is actually exposed to lead, and exposed to sufficiently high levels of lead. Without exposure to lead (at sufficiently high levels)

> resulting from use of a product, there can be no lead-related injury caused by that product. Here, because no individual was exposed to lead at any level based on reasonable use of the bottle cooler carrier, there can be no injury related to reasonable use of the bottle cooler carrier.

(Answer, at pp 1-2.) Similarly, Medela stated in its Answer:

> …. Medela further states that lead is hazardous only when an individual is actually exposed to lead, and exposed to sufficiently high levels of lead, and further that no individual was exposed to lead at any level based on reasonable use of Medela's bottle cooler carrier.

(Answer at ¶ 3.) Additionally, Medela stated:

> …. Medela denies that its bottle cooler carrier has high lead content, denies the allegation or implication that lead content of a product equates to actual exposure to lead; denies that any breast milk was contaminated by lead as a result of the use of Medela's bottle cooler carrier; and denies that anyone has been exposed to lead from its bottle cooler carrier. Medela further states that CEH affirmatively decided not to pursue any of its allegations against Medela. ….

(Answer at ¶ 32.) In the face of these allegations, Plaintiffs cannot be heard to complain that they lack notice of the defense or the basis for it. Accordingly, this defense should not be stricken.

      <u>Defense No. 4</u>: Plaintiffs ask the Court to strike Medela's "statutes of limitations" defense as merely a bare legal conclusion. (Br. at 11.) However, much of the factual support for this defense is within Plaintiffs' control and must be acquired by Medela through discovery. For example, this defense will depend, in part, on when each Plaintiff and putative class member bought (and used) a Medela product, and when each one knew or should have known of their allegations that their children allegedly were exposed to lead from the product. Here, Plaintiffs have not pled any of that information, or even that they purchased Medela's product. Medela

should not be punished by its lack of information at this stage, and this defense should not be stricken.

Defense No. 9: Plaintiffs ask the Court to strike this defense -- that the claims are moot -- on the ground that it is a bare legal conclusion. (Br. at 11.) However, Plaintiffs themselves alleged that they are aware that Medela has offered to replace the product (Compl. at ¶ 5), and the claims of any putative class member who participated in that program, or any other replacement and/or refund program, would be moot. Accordingly, Plaintiffs have sufficient notice of the defense that their claims may be moot, as well as the reason for their claims being moot. Accordingly, the defense should not be stricken.

Defense No. 10: Medela has asserted that, "To the extent that Plaintiff's and the putative class members' claims are based on a theory providing for liability without proof of causation, the claims violate Medela's rights under the U.S. Constitution." Medela asserted this defense to protect itself in the event that Plaintiffs attempt to prove the claims of the class members on an aggregate or hypothetical basis (*i.e.*, rather than on an individualized basis), which would have the effect of depriving Medela of its constitutional rights to a jury trial and to due process protections.

**IV.   RE-PLEADING IS AN APPROPRIATE ALTERNATIVE.**

To the extent that this Court is inclined to strike any portions of Medela's Answer and Defenses, Medela respectfully requests that it be allowed to re-plead any purportedly deficient responses and affirmative defenses. When courts strike material from answers and affirmative defenses, they frequently allow the parties to re-plead the matters rather than strike the matters with prejudice. See, *e.g.*, *Rudzinski*, 2007 WL 2973830 at *1-*3 (allowing party to re-plead various defenses that were stricken for failing to satisfy the notice pleading

requirement); *Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F. Supp. 2d 897, 905-07 (N.D. Ill. 2006) (striking various affirmative defenses "without prejudice" and allowing party to re-plead); *Yash Raj Films (USA) Inc. v. Atlantic Video*, 2004 WL 1200184 (N.D. Ill. May 28, 2004) (Filip, J.) (granting, without prejudice, motion to strike various affirmative defenses, including "failure to state a claim" and "statute of limitations" defenses); *Ocean Atlantic*, 2002 WL 485387 at *4 (allowing party to re-plead various defenses that were stricken for failing to satisfy the notice pleading requirement); *State Farm*, 199 F.R.D. at 279-80 (allowing party to re-plead responses of its Answer); *Gilbert*, 127 F.R.D. at 146 (same).

Moreover, allowing Medela to re-plead would foster the policies of the Federal Rules and would not prejudice Plaintiffs. Fed. R. Civ. P. 15(a) (providing that amendments to pleadings are to be freely allowed in the interest of justice); *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (same, and noting various reasons, inapplicable here, for denying leave to amend); *Woods v. Indiana University-Purdue Univ.*, 996 F.2d 880, 883 (7th Cir. 1993) ("It is well settled that the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems.").

## CONCLUSION

For the foregoing reasons, Medela respectfully requests that the Court deny Plaintiffs' motion to strike in its entirety so that the case may proceed with all due diligence. Alternatively, if the Court were to grant the motion to strike, Medela respectfully requests an opportunity to re-plead the responses and/or affirmative defenses that the Court deems deficient.

Dated: July 10, 2008

Respectfully submitted,

MEDELA INC.


By:   /s/  Susan M. Benton
      One of Its Attorneys


Susan M. Benton  (sbenton@winston.com)
Alexis MacDowall  (amacdowall@winston.com)
Kevin A. Banasik  (kbanasik@winston.com)
Charles W. Kierpiec  (ckierpiec@winston.com)
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
(312) 558-5700 (fax)

*Attorneys for Defendant,*
  *Medela Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of July 2008, I caused a copy of the foregoing document, DEFENDANT MEDELA INC.'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT MEDELA'S ANSWER AND DEFENSES, to be filed electronically. Notice of this filing will be sent to the attorneys listed immediately below by operation of the Court's ECF system, which notice shall constitute service pursuant to Local Rule 5.9. Parties may access this filing through the Court's system.

*Attorneys for Plaintiffs in the Ramos and Scalia cases:*

Mary Jane Fait  (fait@whafh.com)
Theodore B. Bell  (tbell@whafh.com)
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603


*Attorneys for RC2 Corporation and Leading Curves Brands, Inc.:*

Bart Thomas Murphy  (bart.murphy@icemiller.com)
Thomas J. Hayes  (thomas.hayes@icemiller.com)
ICE MILLER LLP
2300 Cabot Drive, Suite 455
Lisle, Illinois  60532


*Attorneys for Playtex Products, Inc.:*

Andrew Rothschild  (arothschild@lewisrice.com)
Richard B. Walsh, Jr.  (rwalsh@lewisrice.com)
LEWIS, RICE & FINGERSH
500 North Broadway, Suite 2000
St. Louis, Missouri  63102

Dexter G. Benoit  (dbenoit@ngelaw.com)
Robert Edward Browne  (rbrowne@ngelaw.com)
NEAL, GERBER & EISENBERG
Two North LaSalle Street, Suite 2200
Chicago, Illinois  60602

Furthermore, I hereby certify that on this 10th day of July 2008, I caused a copy of the foregoing document, DEFENDANT MEDELA INC.'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT MEDELA'S ANSWER AND DEFENSES to be served via E-Mail and First Class Mail on the following:

*Attorneys for Plaintiff in Smith case*:

Elizabeth A. Fegan (beth@hbsslaw.com)
Timothy P. Mahoney (timm@hbsslaw.com)
Daniel J. Kurowski (dank@hbsslaw.com)
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Blvd, Suite B
Oak Park, Illinois 60301
(708) 776-5600
(708) 776-5601 (fax)

    /s/ Kevin A. Banasik