UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRISSELLE RAMOS, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC.,<br><br>    Defendants. | Case No. 08-CV-2703<br><br>Judge Lefkow<br><br>Magistrate Judge Schenkier |
| DINA SCALIA, *et al.*, on behalf of themselves and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC.,<br><br>    Defendants. | Case No. 08-CV-2828<br><br>Judge Lefkow<br><br>Magistrate Judge Ashman |
| JESSICA SMITH, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC.,<br><br>    Defendants. | Case No. 08-CV-3352<br><br>Judge Lefkow<br><br>Magistrate Judge Brown |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR
LEAVE TO FILE THEIR CONSOLIDATED AMENDED COMPLAINT**

Plaintiffs in these recently consolidated actions respectfully submit this memorandum of law in support of their motion, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for leave to file their Consolidated Amended Complaint.

## PROCEDURAL BACKGROUND

These three consolidated actions were filed on May 9, May 15, and June 11, 2008. (*See* Class Action Compl., Dkt. No. 1, Case No. 08-2703 ("*Ramos* action"); Class Action Compl., Dkt. No. 1, Case No. 08-2828 ("*Scalia* action"); Class Action Compl., Dkt. No. 1, Case No. 08-3352 ("*Smith* action"). The *Ramos* and *Scalia* actions were consolidated before this Court by agreement of the parties on June 11, 2008 (*see* Dkt. No. 40, *Ramos* action), and the *Smith* action was likewise consolidated with these actions on June 27, 2008 (*see* Dkt. No. 60, *Ramos* action).

This Court noted, when ordering consolidation of these actions, that the complaints are "virtually identical." (*See* Dkt. No. 40, *Ramos* action.) Each of these actions are class actions brought on behalf of the same class of purchasers of cooler carriers for breast milk for infants against the same four defendants. Plaintiffs in each action bring the same four counts: unfair and deceptive acts and practices under the consumer protection laws of 37 states; breach of implied warranty, negligence, and unjust enrichment.

On July 2, 2008, Defendants Playtex Products, Inc. ("Playtex"), RC2 Corporation ("RC2"), and Learning Curve Brands, Inc. ("Learning Curve") all filed motions to dismiss in each of the actions. (Dkt. Nos. 62-64, 68-70, *Ramos* action; Dkt. Nos. 12-14, *Smith* action.) Defendant Medela, Inc. ("Medela") has filed answers in each of the three actions that essentially mirror each other. (Dkt. No. 24, *Ramos* action; Dkt. No. 29, *Scalia* action; Dkt. No. 75, *Ramos* action (answer to *Smith* complaint).) Medela and Playtex have also filed motions to sever the claims against each of them respectively from the claims against the other defendants; Medela's

motion was filed in the *Ramos* action only, while Playtex's motion applies to all three actions. (Dkt. Nos. 26-28, 65-67 *Ramos* action.)

## ARGUMENT

Under Federal Rule of Civil Procedure 15, this Court "should freely give leave" to amend the complaint "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Liu v. T & H Machine, Inc.*, 191 F.3d 790, 794 (7th Cir. 1999) ("Leave to amend is to be 'freely given when justice so requires.'") (*quoting Payne v. Churchich*, 161 F.3d 1030, 1036 (7th Cir.1998)).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004).

Leave should be given to Plaintiffs in these actions to file a consolidated amended complaint.  This amended complaint is not the product of undue delay.  The consolidation of the *Smith* action was completed one month ago.  Nor can Defendants point to any prejudice that they will suffer if the Court grants leave to amend.  The pertinent issues of law and fact would remain the same both before and after the amendment.  *See Liu*, 191 F.3d at 794 (allowing leave to amend where "the amended pleading involved substantially the same issues and theories as the original pleading").

Allowing Plaintiffs leave to file a single consolidated amended complaint would also promote judicial efficiency and economy.  This Court would be able to adjudicate this controversy on the basis of a single operative pleading rather than having to consider Plaintiffs' claims piecemeal.  Instead of filing three motions to dismiss, three motions to sever, three answers, and so forth, Defendants will be able to file one version of their pleadings.

Moreover, the consolidation of these actions into a single complaint would serve to resolve the standing issue raised by Playtex, RC2, and Learning Curve's motions to dismiss that have already been filed (Defendant Playtex's motion to dismiss is based entirely on this issue). Though Plaintiffs disagree that the allegations in their original Complaint were "vague, speculative, and disjunctive" (*see* Def. Playtex Products, Inc.'s Mot. to Dismiss Pls.' Compls. for Lack of Standing or, in the Alternative, for More Definite Statement, Dkt. No. 62, *Ramos* action), in the proffered Consolidated Amended Complaint, Plaintiffs provide the information sought by Playtex in its motion and state which Defendant's product was purchased by which Plaintiff. (*See* Mot. Ex. A ¶¶ 9-13.)

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the proposed Consolidated Amended Complaint, attached as Exhibit A to Plaintiffs' Motion.

Dated:  July 29, 2008

      **WOLF, HALDENSTEIN, ADLER,**
          **FREEMAN & HERZ, LLC**

By:  /s/ Mary Jane Fait
     Mary Jane Fait
     Theodore B. Bell
     John E. Tangren
     55 West Monroe Street, Suite 1111
     Chicago, Illinois  60603
     (312) 984-0000

*Attorneys for Plaintiffs Grisselle Ramos, Dina Scalia, Jennifer Suarez, and Marissa Lopez*

Elizabeth A. Fegan
Timothy P. Mahoney
Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Blvd., Suite B
Oak Park, Illinois  60301
(708) 776-5600

*Attorneys for Plaintiff Jessica Smith*