**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GRISSELLE RAMOS, on behalf of herself and others similarly situated, | |
| Plaintiff, | Case No. 08-CV-2703 |
| | Judge Lefkow |
| v. | Magistrate Judge Schenkier |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., | |
| Defendants. | |
| DINA SCALIA, *et al.*, on behalf of themselves and others similarly situated, | |
| Plaintiff, | Case No. 08-CV-2828 |
| | Judge Lefkow |
| v. | Magistrate Judge Ashman |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., | |
| Defendants. | |
| JESSICA SMITH, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Case No. 08-CV-3352 |
| | Judge Lefkow |
| v. | Magistrate Judge Brown |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., | |
| Defendants. | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT PLAYTEX PRODUCTS, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINTS FOR LACK OF STANDING OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

## I.     INTRODUCTION

Defendants, including Playtex Products, Inc., put thousands of children at risk of lead poisoning, not through general environmental contamination, but through vinyl plastic baby products ("VPBPs") that contained lead.  Yet, Defendants would have this Court find that the parents that bought the VPBPs containing lead and the children that ingested milk from these toxic VPBPs have *no* remedy for a refund for the VPBPs.  The law does not intend that the victims are left without a remedy while the wrongdoer takes its profit to the bank.  Rather, the law provides specific remedies to redress Defendants' misrepresentations and omissions, Defendants' sale of a toxic substance, and the fact that Defendants received an unfair benefit.

Plaintiffs bring this action as a Class Action pursuant to Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who purchased:  (a) a vinyl cooler for storing breast milk made by Medela; (b) a carrying case for a First Years "Natural Transitions" breast pump made by RC2; or (c) a Playtex "Fridge to Go" vinyl baby bottle cooler.  ¶ 49[1].  Despite marketing their VPBPs as safe for young children, Defendants Playtex Products, Inc. ("Playtex"), RC2 Corporation ("RC2"), Learning Curve Brands, Inc. ("Learning Curve"), and Medela, Inc. ("Medela") distributed VPBPs that are intended to hold milk to be ingested by newborns but that contain lead.  ¶¶ 2, 10-12.

This action concerns the consolidation of three materially identical cases.  On May 9, 2008, a complaint was initially filed on behalf of Grisselle Ramos and a putative class, *Grisselle Ramos v. Playtex Prods., Inc., RC2 Corp., Learning Curve Brands, Inc. & Medela Inc.*, No. 08 CV 2703 ("*Ramos* Action").  On May 15, an identical second complaint was filed on behalf of Dina Scalia, Jennifer Suarez, Marissa Lopez and the same identical putative class, *Dina Scalia, Jennifer Suarez, Marissa Lopez v. Playtex Prods., Inc., RC2 Corp., Learning Curve Brands, Inc. and Medela Inc.*, No. 08 CV 2828 ("*Scalia* Action").  On June 10, the Court granted Plaintiffs' unopposed motion to reassign and consolidate the *Ramos* and *Scalia* actions.  On June 11, an

---

[1] All "¶" references cited herein, unless otherwise specified, are to the Class Action Complaint in the first filed case, *Grisselle Ramos v. Playtex Prod., Inc., RC2 Corp., Learning Curve Brands, Inc. & Medela, Inc.*, No. 08 CV 2703 ("*Ramos* Action"), Dkt. No. 1.

identical third complaint was filed on behalf of Jessica Smith and an identical putative class, *Jessica Smith v. Playtex Prods., Inc., RC2 Corp., Learning Curve Brands, Inc. & Medela Inc*., No. 08 CV 3352 ("*Smith* Action"). The only difference between the three complaints is the paragraphs identifying the named plaintiffs. All are against the same Defendants and contain the same allegations. On June 27, this Court granted Learning Curve Brand, Inc.'s motion to reassign and consolidate the *Smith* Action with the *Ramos* and *Scalia* Actions.

On July 2, Defendant Playtex filed a motion to dismiss in the *Ramos*, *Scalia* and *Smith* Actions for lack of standing or, in the alternative, for a more definite statement. That same day Playtex filed a motion to sever claims in all three Actions.[2] The basis for Playtex's Motion to Dismiss is that Plaintiffs have failed to allege an injury that is fairly traceable to Playtex's conduct because Plaintiffs do not specifically allege that they actually purchased a Playtex "Fridge-to-Go" vinyl portable bottle cooler. Playtex Mtn. at 2. Playtex's Motion not only ignores allegations throughout the Complaint tracing Plaintiffs' injury to Playtex, but is also moot in light of Plaintiffs' Consolidated Amended Complaint.

As will be fully set forth below, Plaintiffs have standing to prosecute their claims. Accordingly, Playtex's Motion to the Dismiss for Lack of Standing and alternate Motion for More Definite Statement should be denied.

## II.    FACTS

The dangers of lead poisoning, especially to young children, are well-known. ¶¶ 18-29. Products containing lead are already highly regulated and are the target of pending federal and

---

[2] On June 2, 2008, Medela filed a motion in the *Ramos* Action requesting the Court sever Plaintiffs' claims against it from Plaintiffs' claims against other Defendants. On June 23, 2008, RC2 and Learning Curve Brands, Inc. submitted responses in support of Medela's motion to sever, claiming that they adopt the arguments and authorities cited by Medela. Dkt. Nos. 26-28. RC2 and Learning Curve further requested, without providing a supporting motion or memorandum, that the Court sever the claims against them from Plaintiffs' claims against the other Defendants. Similar to RC2 & Learning Curve, on June 23, Defendant Playtex submitted a response in support of Medela's Motion to Sever. Dkt. No. 41. That same day, Plaintiffs submitted a response to Medela's Motion to Sever. Dkt. No. 49. On July 2, Playtex filed a Motion to Sever in all three Actions that is similar to Medela's June 2nd Motion. Dkt. Nos. 65-67. Plaintiffs submit a separate response to Playtex's Motion to Sever. Plaintiffs' arguments and authorities that oppose severing their identical claims against Playtex are briefed at length in both their Medela Response (Dkt. No. 49) and their Playtex Response filed the same day as this Opposition.

state legislation that would ban the sale of Defendants' products outright. ¶¶ 35-40. Despite this, Defendants have manufactured, marketed and/or distributed VPBPs tainted with lead. ¶¶ 1-3, 30-32. Defendants, including Playtex, did so despite clear regulatory prohibitions on the use of lead in children's products, their knowledge that the ingestion of lead by children can cause serious long-term injury, their prior experiences with the marketing and sale of children's products tainted with lead, and their representations that VPBPs are safe for children. ¶¶ 2-3.

A.      **Plaintiffs and the Class Were Deceived by Playtex's Uniform Representations.**

Playtex marketed the VPBPs as "safe for food application" despite the fact they are tainted with lead. Playtex's marketing campaign is built around assuring parents that their products are safe for children. For example, on their website, Playtex states:

> Q7.   What measures does Playtex maintain to regulate quality and safety?
>
> A7.   Our global manufacturing facilities are monitored by our Quality Assurance team and expert engineers. The Quality Assurance team includes experts with a minimum of 5 years of consumer product experience and a technical background.
>
> *       *       *
>
> Q10.  Are the plastics and materials in Playtex® Infant feeding and soothing products safe for food contact application?
>
> A10.  ***All Playtex® Infant Care products contain materials that are safe for food contact application. We hold ourselves to a higher standard when it comes to infant safety.*** Playtex conducts tests of its products, and we only release products for sale that surpass the most stringent domestic and international regulatory guidelines on this and other safety matters. All materials are tested to ensure functional safety and performance and are tested or certified to meet material safety standards. Material testing is performed by a third party laboratory. [¶ 44 (emphasis in original).]

Plaintiffs and the Class were deceived by Defendants', including Playtex's, representations and purchased the VPBPs believing that the VPBPs were lead-free and were safe for their children to use and ingest milk from. ¶¶ 2, 8. Indeed, not one of Playtex's statements would lead any person to believe that Playtex was utilizing lead in their products. However, despite Playtex's

and other Defendants' clear, uniform representations that its VPBPs were safe for children, the VPBPs were tainted with lead.  ¶ 45.

**B.     As a Result of Defendants', Including Playtex's, Negligence, Plaintiffs' Children Were Subjected to the Risk of Lead Poisoning.**

Lead is invisible to the naked eye and has no smell.  Yet, lead is known to be very dangerous to human beings.  Essentially, lead lodges in the bone or skeletal structure of the body and certain events can cause it to latently move into the blood stream and cause significant difficulties.  ¶ 18.  The U.S. Center for Disease Control has set a blood lead "level of concern" of a mere 10 micrograms per deciliter of blood (a microgram is 1/1,000,000th of a gram and a deciliter is 1/10th of a liter or about 1/10 of a quart), and new research suggests that serious health effects may begin to set in with blood levels as low as 5 micrograms per deciliter.  ¶ 19.

On average, children under six will absorb and/or retain about 50% of the lead they ingest.  ¶ 20.  Children can be exposed to lead through such things as contaminated dust, paint chips, or lead-based products.  ¶ 24.  Children may be exposed to lead from consumer products through normal hand-to-mouth activity, which is part of their development.  *Id*.  Children often place toys, fingers, and other objects in their mouth, exposing themselves to lead paint or dust.  *Id*.  According to the National Safety Council, it only takes the lead dust equivalent of a single grain of salt for a child to register an elevated blood lead level.  ¶ 25.

Children under the age of six are the most vulnerable to poisoning by lead, due in large part to the fact that their brains and nervous systems have yet to fully form.  The direct effects of pediatric lead poisoning can include reading disabilities, attention deficit, hyperactivity, behavioral problems, stunted growth, hearing impairment and damage to the kidneys and greater demand for medical care generally to treat those problems.  If exposed to higher levels, young children may suffer from mental retardation, fall into a coma, or die.  ¶ 20.

Thus, Defendants, including Playtex, marketing their products as safe, sold VPBPs containing poisonous lead that can cause serious long term injury.

**C.      Plaintiffs and the Class Have Suffered Injury.**

Plaintiffs are not seeking some unspecified product from Defendants, but rather seek a full refund for the purchases made by them and the Class. ¶ 47.

### III.      STANDARD OF REVIEW

A court must accept a complaint's well-pleaded allegations as true while drawing all favorable inferences for the plaintiff. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  This "short and plain statement" must be enough "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

While Playtex half-heartedly claims the *Twombly* standard requires dismissal, *Twombly* does "not require heightened fact pleading of specifics," but rather that the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*, 127 S. Ct. at 1974; *see also St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007), *cert. denied*, ___ U.S. ___, 128 S. Ct. 2431 (2008).  Thus, the Seventh Circuit observed that, under *Twombly* and the subsequent decision in *Erickson v. Pardus*, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007), a complaint should be dismissed only when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."  *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).  Here, as will be more fully explained below, the facts and entitlement to relief are far from sketchy.  Thus, under *Twombly* and Rules 8(a), and 12(b)(6), Defendants' motion should be denied.

# IV.    ARGUMENT

**A.    Playtex's Motion to Dismiss Should Be Denied Because Plaintiffs Have Standing To Prosecute Their Claims.**

Playtex's contention that Plaintiffs lack standing to prosecute this action is meritless.  To meet the Article III, § 2 of the United States Constitution standing requirement, a plaintiff must demonstrate:  (1) he or she has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, the injury will be redressed by a favorable decision.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  Playtex ignores the first and third standing elements and focuses solely on whether Plaintiffs have satisfied the second standing element – that the injury is fairly traceable to Playtex's conduct.  Playtex Mtn. at 7.  In analyzing standing, courts "must accept all material allegations of the complaint and must construe the complaint in favor of the complaining party" (*i.e.*, the class members).  *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Playtex complains that the Complaint does not contain any allegations that any of the Plaintiffs "actually purchased a Playtex 'Fridge-to-Go" vinyl portable bottle cooler."  Playtex Mtn. at 7.  Playtex's reliance on *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939 (S.D. Cal. 2007), is not persuasive.  In that case, plaintiff's complaint was held deficient because she named the wrong defendant.  *Cattie*, 504 F. Supp. 2d at 943-45.  In *Cattie*, the plaintiff purchased the product at issue from Wal-Mart.com, but she also named Wal-Mart Stores as a defendant.  *Id*. at 942-43.  She failed to establish in her complaint the business relationship between Wal-Mart Stores and Wal-Mart.com and failed to demonstrate that Wal-Mart Stores participated in Wal-Mart.com's wrongful conduct.  *Id*. at 943-44.  Here, there is no issue of a business relationship among Defendants.  Plaintiffs here have sufficiently alleged that they purchased one or more of Defendants' VPBPs products, which includes Playtex's "Fridge-to-Go."  *See, e.g.*, ¶¶ 1, 8.  Plaintiffs' Consolidated Amended Complaint provides additional information concerning

Plaintiffs' VPBPs. Such information is also available to Playtex and the other Defendants via discovery. Further, the Complaint describes in detail Playtex's wrongful conduct. *See, e.g.*, ¶¶ 1-7, 30-48, 62-63, 65-66, 73-77, 80-84, 87-89. Thus, for the purpose of Article III standing, Plaintiffs have met their burden of establishing that the alleged injury is fairly traceable to Playtex's alleged wrongful acts.

**B.     Playtex's Motion for a More Definite Statement Is Moot in Light of Plaintiffs' Consolidated Amended Complaint.**

Playtex submits, in the alternative, a Motion for More Definite Statement "in which each Plaintiff states with specificity whether she has purchased a Playtex "Fridge-to-Go" vinyl portable bottle cooler." Playtex Mtn. at 6-7. In support of its Motion, Playtex relies on *Fisher v. Caruso*, Nos. 03-71804, 06-11110, 2007 U.S. Dist. LEXIS 45366 (E.D. Mich. June 22, 2007). However, the Court in *Fisher* emphasized that under Fed. R. Civ. P.12(e), the district court has the discretion to grant such a motion if the disputed pleading "is so vague or ambiguous that [the] party cannot reasonably be required to frame a responsive pleading." Additionally, the Court in *Fisher* explained:

> Polishing the pleadings by means of motion practice is rarely worth the effort. Any evidentiary detail a defendant may require is more properly the subject of discovery.

*Fisher*, 2007 U.S. Dist. LEXIS 45366, at *6 (internal citations omitted). The facts and circumstances in *Fisher* are further distinguishable in that "the vast majority of the pleadings contain 'no specific time, place, or person involved in the alleged [acts or omissions]'" with respect to plaintiff's Eighth Amendment protection against cruel and unusual punishment claim. *Id.* at *3, 11.

Similarly, Playtex's reliance on *Jones v. Target Stores*, No. 07-CV-0653-CVE-SAJ, 2008 U.S. Dist. LEXIS 37744 (N.D. Okla. May 7, 2008), is misplaced. In that case, the court granted defendant's motion for a more definite statement where plaintiff's amended complaint failed to identify "a statutory, common law, or other legal basis for her suit." *Id.* at *2.

Here Playtex's Motion for More Definite Statement is not warranted. Plaintiffs' Complaint is not so vague and ambiguous that Defendants, including Playtex, cannot frame a response. Unlike *Fisher* and *Jones,* Plaintiffs' Complaint specifies the alleged acts or omissions and provides the legal bases for their suit. *See, e.g.*, ¶¶ 2, -7, 40, 45-48, 60-89. Details concerning the VPBPs Plaintiffs purchased are properly the subject of discovery and Plaintiffs have never resisted providing such information. Indeed, to expedite the flow of information between the parties, Plaintiffs submit an Amended Consolidated Complaint, which indicates the products purchased by Plaintiffs. Thus, Playtex's Motion to Dismiss and alternate Motion for a More Definite Statement is moot.

## V.    CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court deny Playtex's Motion to Dismiss and its alternation Motion For More Definite Statement, and grant such other and further relief as this Court deems appropriate.[3]

Dated: July 29, 2008

**WOLF, HALDENSTEIN, ADLER, FREEMAN & HERZ, LLC**

By:    /s/ Mary Jane Fait
        Mary Jane Fait
        Theodore B. Bell
        John E. Tangren
        55 West Monroe Street, Suite 1111
        Chicago, Illinois 60603
        Tel: (312) 984-0000

        *Attorneys for Plaintiffs Grisselle Ramos, Dina Scalia, Jennifer Suarez, and Marissa Lopez*

---

[3] In the alternative, should the Court hold that Plaintiffs' claims are deficient in some way, Plaintiffs request leave to amend be granted pursuant to Fed. R. Civ. P. 15(a).

Elizabeth A. Fegan
Timothy P. Mahoney
Daniel J. Kurowski
HAGENS BERMAN SOBOL
SHAPIRO LLP
820 North Blvd., Suite B
Oak Park, Illinois  60301
Tel:  (708) 776-5600

*Attorneys for Plaintiff Jessica Smith*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRISSELLE RAMOS, on behalf of herself and others similarly situated, | Case No. 08-CV-2703 |
| Plaintiff, | Judge Lefkow |
| v. | Magistrate Judge Schenkier |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and PLAYTEX, INC., | |
| Defendants. | |

| | |
|---|---|
| DINA SCALIA, *et al.*, on behalf of themselves and others similarly situated, | Case No. 08-CV-2828 |
| Plaintiff, | Judge Lefkow |
| v. | Magistrate Judge Ashman |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and PLAYTEX, INC., | |
| Defendants. | |

| | |
|---|---|
| JESSICA SMITH, on behalf of herself and all others similarly situated, | Case No. 08-CV-3352 |
| Plaintiff, | Judge Lefkow |
| v. | Magistrate Judge Brown |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and PLAYTEX, INC., | |
| Defendants. | |

## NOTICE OF FILING

**TO:    See Attached Certificate of Service**

**PLEASE TAKE NOTICE** that on July 29, 2008, we filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois 60604, *Plaintiffs' Response in Opposition to Defendant Playtex Products Inc.'s Motion To Dismiss Plaintiffs' Complaints For Lack Of Standing Or, In The Alternative, For More Definite Statement,* a copy of which is attached and hereby served upon you.

Dated: July 29, 2008                              Respectfully submitted,

                                             **WOLF HALDENSTEIN ADLER**
                                                **FREEMAN & HERZ LLC**

                                        __/s/ Mary Jane Fait_____
                                        Mary Jane Fait
                                        Theodore B. Bell
                                        John Tangren
                                        55 W. Monroe Street, Suite 1111
                                        Chicago, IL  60603
                                        Tel:    (312) 984-0000
                                        Fax:    (312) 984-0001

                                        *Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 29th day of July, 2008 copies of *Plaintiffs' Response in Opposition to Defendant Playtex Products Inc.'s Motion To Dismiss Plaintiffs' Complaints For Lack Of Standing Or, In The Alternative, For More Definite Statement,* was served by causing a true and correct copy of same to be delivered to defense counsel listed below via the Court's ECF system and by electronic transmission from the offices of Wolf Haldenstein Adler Freeman & Herz LLC.

Bart T. Murphy
Thomas J. Hayes
**ICE MILLER LLP**
2300 Cabot Drive, Suite 455
Lisle, IL  60532
bart.murphy@icemiller.com
thomas.hayes@icemiller.com
*Counsel for Defendants RC2 Corporation and Learning Curve Brands, Inc.*

Andrew Rothschild
Richard Walsh, Jr.
**LEWIS, RICE & FINGERSH, L.C.**
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
arothschild@lewisrice.com
rwalsh@lewisrice.com
*Counsel for Defendant Playtex Products, Inc.*

Susan M. Benton
Alexis T. MacDowall
Kevin A. Banasik
Charles W. Kierpiec
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601
sbenton@winston.com
amacdowall@winston.com
kbanasik@winston.com
ckierpiec@winston.com
*Counsel for Defendant Medela, Inc.*

Robert E. Browne
Dexter G. Benoit
**NEAL GERBER & EISENBERG LLP**
Two N. LaSalle Street, Suite 2200
Chicago, Illinois  60602
Rbrowne@ngelaw.com
dbenoit@ngelaw.com
*Counsel for Defendant Playtex Products, Inc.*

Dated: July 29, 2008

Respectfully submitted,

**WOLF HALDENSTEIN ADLER
    FREEMAN & HERZ LLC**

_____/s/ Mary Jane Fait_____
Mary Jane Fait
Theodore B. Bell
John Tangren
55 W. Monroe Street, Suite 1111
Chicago, IL  60603
Tel:    (312) 984-0000

*Counsel for Plaintiffs*

3