UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRISSELLE RAMOS, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08-CV-2703 |
| v. | ) ) | Judge Lefkow |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC, and MEDELA, INC., | ) ) ) ) | Magistrate Judge Schenkier |
| Defendants. | ) | |
| DINA SCALIA, et al., on behalf of themselves and others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08-CV-2828 |
| v. | ) ) | Judge Lefkow |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., | ) ) ) ) | Magistrate Judge Ashman |
| Defendants. | ) | |
| JESSICA SMITH, on behalf of herself and all others similarly situation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08-CV-3352 |
| v. | ) ) | Judge Lefkow |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., | ) ) ) ) | Magistrate Judge Brown |
| Defendants. | ) | |

**REPLY OF DEFENDANT PLAYTEX PRODUCTS, INC.
TO PLAINTIFFS' RESPONSE TO PLAYTEX'S MOTION TO SEVER**

1477969 01

## Introduction

In its Motion to Sever (Dkt. # 65) and Brief in Support (Dkt. # 66), Defendant Playtex Products, Inc. ("Playtex") showed that the claims against the three separate defendants in this action should be severed from one another. Separate claims of injury from products manufactured by separate sellers, even products in the same general industry, do not arise from the same "transaction or occurrence, or series of transactions or occurrences." Claims of this kind are thus misjoined under Rule 20 if combined in a single civil action.

Playtex has identified a series of decisions involving facts similar to this one--the sale of products by different manufacturers, with similar defects in the products alleged as the source of injury to varying individuals--in which courts ordered severance because the "transactional relatedness" test for joinder of claims under Rule 20 was not met. (*See* Dkt. # 66, Playtex's Brief in Support of Motion to Sever, at 9-10). Playtex also showed why severance here would serve judicial economy. Severance would avoid the needless burden to defendants of participating in discovery related to claims with which they have no connection. It would reduce the complexity of the single multi-defendant class action that Plaintiffs now propose.

Plaintiffs' response avoids discussion of these issues. Rather, Plaintiffs continue to rely on language from cases that are wholly inapposite on their facts. Plaintiffs assert conclusorily that a development that occurred after Playtex moved to sever--the filing of Plaintiffs' Amended Consolidated Complaint--has mooted this motion (Response at 2), but they do not show why. If anything, filing of the Amended Consolidated Complaint shows why the motion should be granted.

**Argument**

I.  **THE MOTION TO SEVER IS NOT PREMATURE.**

Plaintiffs continue to rely heavily on the assertion that consideration of severance is premature. The decisions they cite in support of their argument, however, are cases arising from different factual circumstances, in which it was at least arguable at the outset of the proceedings that the transactional relatedness test was met. Cases like *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455 (E.D.Tex. 2004), and *Sprint Communication Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615 (D.Kan. 2006), stand for a rule said to be particularly suited to patent cases (*Mymail, Ltd.*, 223 F.R.D. at 457): that when a single plaintiff patent holder sues a number of defendants who allegedly infringed the same patent by use of similar products or methods, an early severance motion should be denied, particularly if the Court cannot determine early on whether the defendants' methods are sufficiently similar that the cases can be tried together.[1]

The possibility of transactional relatedness present when a single patent holder sues a number of infringers is absent from a case like this one, where multiple plaintiffs sue a number of defendants over the purchase of separate products, which were marketed at separate times under separate circumstances. In claims alleging injury from use of allegedly defective products manufactured by several defendants, courts have had no difficulty addressing the issue of severance early in the proceedings. *Graziose v. American Home Prods. Corp.*, 202 F.R.D. 638 (D. Nev. 2001); *Asher v. Minnesota Mining & Mfg. Co.*, NO. 04-CV-522-KKC, 2005 U.S. Dist. LEXIS 42266, 2005 WL 1593941 (E.D. Ky. June 30, 2005). This is such a case.

---

[1] Even in the patent setting, severance can be granted at an early stage when it is apparent early on that the claims do not arise from the same transaction or occurrence or series of transactions or occurrences. *Androphy v. Smith & Nephew*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998).

## II.     TRANSACTIONAL RELATEDNESS IS ABSENT HERE.

Plaintiffs' discussion of transactional relatedness relies more on selective quotation of language from earlier decisions than on careful analysis. They cite a number of decisions for the proposition that the Rule 20 joinder requirements "are not rigid tests," are to be construed using a "liberal" case-by-case analysis, and should be read in light of an "impulse" toward "entertaining the broadest possible scope of action consistent with fairness to the parties." (Plaintiffs' Response at 8).

Plaintiffs ignore that the courts using language of this kind have decided the Rule 20 issues before them, not on the basis of flexibility, liberality or impulse, but only after a careful application of the Rule 20 tests to the facts before them. *See, e.g., Bailey v. N.Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill 2000) (in a decision acknowledging the general purpose of joinder under Rule 20--including promoting trial convenience and avoiding multiple lawsuits--the court granted severance after careful analysis showed that transactional relatedness was absent, and that the prejudice to the defendants outweighed any benefits from joinder); *Smith v Northeastern Illinois Univ.*, Case No. 98-C-3555, 2002 U.S. Dist LEXIS 3883, 2002 WL 377725 (N.D.Ill Feb. 28, 2002) (denying severance of plaintiffs' claims in a single-employer discrimination case, not because of a policy favoring liberal application of Rule 20, but because the factors favoring joinder of claims in employment cases were present in the case before it).

Plaintiffs assert that the claims of the various plaintiffs here against the various defendants require "overlapping proof and duplication of testimony." (Plaintiffs' Response at 9). They do not, however, identify a single witness whose testimony will be relevant to their claims against the three unrelated defendants. They do not identify a single document that will be part of their common proof. They have thus not identified any efficiencies in discovery or trial that will be achieved through joinder of their claims against these separate defendants.

Citing one of the patent decisions on which they rely, *Sprint Communication Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615 (D. Kan. 2006), Plaintiffs contend that Playtex's concern that it will be required to participate in extensive discovery related to the other defendants is unwarranted. (Plaintiffs' Response at 5). The *Sprint* court found defendants' argument on this point unpersuasive in the case before it, where Sprint alleged that the co-defendants (who were competitors of each other) had violated the same seven patents in the same manner so that the benefits of common litigation outweighed any added burden to defendants. The *Sprint* court's facile statement that "joinder permits, but does not require participation" in depositions of a co-defendant (233 F.R.D. at 617) does not rule this factor out of consideration in the Rule 20 analysis. As noted in Playtex's initial memorandum, other courts have accorded this factor substantial importance. *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 374 (2d Cir. 1993); *see also Graziose v. American Home Prods. Corp.*, 202 F.R.D. 638, 641 (D. Nev. 2001). In light of Plaintiffs' assertion that issues like the dangerousness of lead and sufficiency of warnings are common to all defendants, Playtex might well find it necessary to participate in discovery directed to the other defendants, lest an isolated statement by a co-defendant's witness be used against Playtex under the liberal standards of Fed.R.Civ.P. 32(a). Playtex has made a real showing of prejudice from joinder, which Plaintiffs have not refuted.

Plaintiffs attempt to distinguish the many authorities cited by Defendant, mainly on the basis of procedural differences. For example, contrary to Plaintiffs' argument (Plaintiffs' Response at 9), it does not matter that certain of those cases involved the severance of claims by plaintiffs rather than of claims against defendants. The Rule 20 standards that apply to claims brought by multiple plaintiffs (those of Rule 20(a)(1)) are identical in substance to the rules that apply to claims brought against multiple defendants (Rule 20(a)(2)). In either case, if there is no transactional relatedness joinder is improper. It likewise does not matter that in the cited cases the health effects claimed (like the various cardiovascular problems in *Graziose* or damages from smoking at issue in *Insolia*) were different from the need for medical monitoring for lead exposure claimed here. Whether a particular plaintiff here needs medical monitoring as a result of exposure to a defendant's product can only be determined by considering the circumstances of the plaintiff and the product and the conduct of the defendant.

The many decisions that Playtex cited stand for a single principle, unrefuted in Plaintiffs' response: separate claims of injury from products manufactured by separate sellers, even products in the same general industry, do not arise from the same "transaction or occurrence, or series of transactions or occurrences." Joinder of such claims is improper under Rule 20, so that severance is necessary under Rule 21.

### III. FILING OF THE CONSOLIDATED AMENDED COMPLAINT DOES NOT ALTER THE ANALYSIS HERE.

Plaintiffs assert that the filing of the Consolidated Amended Complaint somehow moots this motion (Plaintiffs' Response at 2), but they fail to show why this is so. In fact, the Consolidated Amended Complaint, if anything, shows why severance is appropriate here. A principal change in the Consolidated Amended Complaint is that Plaintiffs have now identified the products that each named plaintiff allegedly purchased. There are five named plaintiffs, residing in five different states. Only one plaintiff--Jennifer Suarez--alleges that she bought any product from Playtex. (Consolidated Amended Complaint, ¶11). Ms. Suarez claims to have purchased a Playtex "Fridge-to-Go baby bottle cooler. There is nothing in the Consolidated Amended Complaint to connect the claim of Ms. Suarez with the claims of the four other plaintiffs, all of which are directed only to RC2, to Medela or both. Playtex, in defense of the claim against it, should not be required to bear the burden, delay and expense of participation in claims against these other defendants, brought by plaintiffs with whom Playtex had no contact.

Although Plaintiffs deem it of insufficient significance to warrant mention in their Response, Ms. Suarez (who says she bought a Playtex product) also claims to have bought a Medela vinyl cooler for storing breast milk. This single fact does not transform even Ms. Suarez's claims against Playtex and Medela into claims arising from a series of transactions or occurrences for purposes of Rule 20. Her purchases of the two products were apparently made under separate circumstances, and allegedly on the basis of representations made separately by the two entities.

Nothing in the Consolidated Amended Complaint or in Plaintiffs' Response takes this case out from the general rule that injury claims against different manufacturers of different products, even if arising from the sale of similar products, do not satisfy the transactional relatedness test of Rule 20. The Motion to Sever should be granted.

### Conclusion

For the reasons stated, the Court should grant the motion to sever of Defendant Playtex Products, Inc.

**LEWIS, RICE & FINGERSH, L.C.**

Dated: August 12, 2008

By: /s/ Andrew Rothschild
Andrew Rothschild, 90785356
Richard B. Walsh, Jr., 6187007
Richard A. Ahrens, 24757
C. David Goerisch, 48418
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
(314) 444-7603
(314) 612-7603 (facsimile)

**NEAL, GERBER & EISENBERG, LLC**
Robert E. Browne, 0321761
Dexter G. Benoit, 6284677
Two N. LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 269-5225
(312) 750-6418 (facsimile)

*Counsel for Defendant Playtex Products, Inc*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of August 2008, I caused a copy of the foregoing document, REPLY OF DEFENDANT PLAYTEX PRODUCTS, INC. TO PLAINTIFFS' RESPONSE TO PLAYTEX'S MOTION TO SEVER, to be filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's ECF system. Parties may access this filing through the Court's system

*Counsel for Plaintiffs Ramos, Scalia, Suarez, and Lopez:*

> Mary Jane Fait         fait@whafh.com
> Adam J. Levitt         alevitt@whafh.com
> Theodore B. Bell       tbell@whafh.com
> WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
> 55 West Monroe Street, Suite 1111
> Chicago, IL 60603

*Counsel for Plaintiff Smith:*

> Elizabeth A. Fegan     beth@hbsslaw.com
> Timothy P. Mahoney     timm@hbsslaw.com
> Daniel J. Kurowski     dank@hbsslaw.com
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 820 North Blvd., Suite B
> Oak Park, IL 60301

*Counsel for Defendants RC2 Corporation and Learning Curve Brands, Inc.:*

> Bart T. Murphy         bart.murphy@icemiller.com
> Thomas J. Hayes        Thomas.hayes@icemiller.com
> Jenee M. Straub        Jenee.straub@icemiller.com
> ICE MILLER LLP
> 2300 Cabot Drive, Suite 455
> Lisle, IL 60532

*Counsel for Defendant Medela Inc:*

> Susan M. Benton        sbenton@winston.com
> Alexis T. MacDowall    amacdowall@winston.com
> Kevin A. Banasik       kbanasik@winston.com
> Charles W. Kierpiec    ckierpiec@winston.com
> WINSTON & STRAWN LLP
> 35 West Wacker Drive
> Chicago, IL 60601

/s/ Andrew Rothschild