UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRISSELLE RAMOS, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08-CV-2703 |
| v. | ) ) | Judge Lefkow |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., | ) ) ) ) ) | Magistrate Judge Schenkier |
| Defendants. | ) | |
| DINA SCALIA, et al., on behalf of themselves and others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08-CV-2828 |
| v. | ) ) | Judge Lefkow |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., | ) ) ) ) ) | Magistrate Judge Ashman |
| Defendants. | ) | |
| JESSICA SMITH, on behalf of herself and all others similarly situation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08-CV-3352 |
| v. | ) ) | Judge Lefkow |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., | ) ) ) ) | Magistrate Judge Brown |
| Defendants. | ) | |

**REPLY IN SUPPORT OF DEFENDANT PLAYTEX PRODUCTS, INC.'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS FOR LACK OF STANDING OR,
IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

## ARGUMENT

One significant fact rises above the rhetoric and argumentation in Plaintiffs' Response to Playtex's Motion to Dismiss -- Plaintiffs acknowledge that they have submitted an Amended Consolidated Complaint ("Amended Complaint") "which indicates the products purchased by Plaintiffs." (Dkt. #92 at 9). Curiously, however, Plaintiffs' Response fails to discuss this information or explain what affect it has on the standing of the individual Plaintiffs to pursue claims against Playtex. As discussed below, an examination of the allegations in Plaintiffs' Amended Complaint confirms that the Court should dismiss the claims brought against Playtex by four of the named Plaintiffs -- Grisselle Ramos, Dina Scalia, Marissa Lopez, and Jessica Smith -- because they have not alleged any injury that is fairly traceable or causally connected to Playtex's conduct.

Plaintiffs' Amended Complaint contains the following allegations:

9. Plaintiff Grisselle Ramos ... purchased a vinyl cooler for storing breast milk made by Medela...

10. Plaintiff Dina Scalia ... purchased a First Years "Natural Transitions" breast pump made by RC2...

11. Plaintiff Jennifer Suarez ... purchased a vinyl cooler for storing breast mil made by Medela *and a Playtex "Fridge to Go" vinyl baby bottle cooler*...

12. Plaintiff Marissa Lopez ... purchased a vinyl cooler for storing breast milk made by Medela and a First Years "Natural Transitions" breast pump made by RC2...

13. Plaintiff Jessica Smith ... purchased a vinyl cooler for storing breast milk made by Medela...

(Am. Compl. ¶¶ 9-13 at 3-4) (emphasis added). In other words, according to Plaintiffs' Amended Complaint, only one Plaintiff (Jennifer Suarez) alleges that she purchased a Playtex

product. Plaintiffs Ramos, Scalia, Lopez, and Smith do not allege that they have purchased a Playtex product or that they have otherwise incurred injuries as a result of Playtex's conduct.

As Plaintiffs acknowledge, "[i]n analyzing standing, courts 'must accept all material allegations of the complaint and must construe the complaint in favor of the complaining party'...." (Dkt. # 92 at 7) (quoting Warth v. Seldin, 422 U.S. 490, 501 (1975)). Here, the Court should dismiss the claims brought against Playtex by Plaintiffs Ramos, Scalia, Lopez, and Smith because they have not alleged injuries that are fairly traceable or causally connected to the conduct of Playtex. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (holding that to have standing, plaintiff must have incurred an injury that was caused by the conduct of the defendant; in other words, the injury has to be "fairly traceable to the challenged action of the defendant"); see also Indiana Right to Life, Inc. v. Shepard, 507 F.3d 545, 549 (7th Cir. 2007) (stating that "[t]o have standing, a plaintiff must have a cognizable injury that is causally connected to the alleged conduct"). These four Plaintiffs have failed to satisfy their burden of setting forth clear and specific facts sufficient to establish standing to pursue a claim against Playtex in this litigation. See Whitmore v. Arkansas, 495 U.S. 149, 155 (1990) (holding that plaintiffs "must clearly and specifically set forth facts sufficient to satisfy these . standing requirements").

Plaintiffs do not dispute that the standing inquiry remains the same even if the case is proceeding as a putative class action. See Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 40 n.20 (1976) ("That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."); see also

Payton v. County of Kane, 308 F.3d 673, 682 (7th Cir. 2002) ("[I]t bears repeating that a person cannot predicate standing on injury which he does not share. Standing cannot be acquired through the back door of a class action.") Here, four of the named Plaintiffs -- Grisselle Ramos, Dina Scalia, Marissa Lopez, and Jessica Smith -- have failed to show that they have been injured by Playtex. The Court should therefore dismiss their claims against Playtex for lack of standing.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

Dated: August 12, 2008

By: __/s/ Andrew Rothschild__
Andrew Rothschild, 90785356
Richard B. Walsh, Jr., 6187007
Richard A. Ahrens, 24757
C. David Goerisch, 48418
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
(314) 444-7603
(314) 612-7603 (facsimile)

**NEAL, GERBER & EISENBERG, LLC**
Robert E. Browne, 0321761
Dexter G. Benoit, 6284677
Two N. LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 269-5225
(312) 750-6418 (facsimile)

*Counsel for Defendant Playtex Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August 2008, I caused a copy of the foregoing document, REPLY IN SUPPORT OF DEFENDANT PLAYTEX PRODUCTS, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINTS FOR LACK OF STANDING OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT, to be filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's ECF system. Parties may access this filing through the Court's system.

*Counsel for Plaintiffs Ramos, Scalia, Suarez, and Lopez*

Mary Jane Fait            fait@whafh.com
Adam J. Levitt            alevitt@whafh.com
Theodore B. Bell          tbell@whafh.com
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
55 West Monroe Street, Suite 1111
Chicago, IL 60603

*Counsel for Plaintiff Smith*

Elizabeth A. Fegan        beth@hbsslaw.com
Timothy P. Mahoney        timm@hbsslaw.com
Daniel J. Kurowski        dank@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Blvd., Suite B
Oak Park, IL 60301

*Counsel for Defendants RC2 Corporation and Learning Curve Brands, Inc.*

Bart T. Murphy            bart.murphy@icemiller.com
Thomas J. Hayes           Thomas.hayes@icemiller.com
Jenee M. Straub           Jenee.straub@icemiller.com
ICE MILLER LLP
2300 Cabot Drive, Suite 455
Lisle, IL 60532

*Counsel for Defendant Medela Inc.*

Susan M. Benton           sbenton@winston.com
Alexis T. MacDowall       amacdowall@winston.com
Kevin A. Banasik          kbanasik@winston.com
Charles W. Kierpiec       ckierpiec@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601

/s/ Andrew Rothschild