**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER SUAREZ and JULIE STANFORD, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Nos. 08 C 2703, 08 C 3352 |
| v. | ) ) | Judge Joan H. Lefkow |
| PLAYTEX PRODUCTS, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Jennifer Suarez and Julie Stanford (collectively, "plaintiffs") have filed an amended complaint on behalf of themselves and others similarly situated against defendant, Playtex Products, Inc. ("Playtex"), regarding Playtex's sales of "Fridge to Go," an insulated baby-bottle cooler used for storing and transporting milk. Plaintiffs allege that the vinyl fabric from which these coolers are constructed contains dangerous levels of lead and that Playtex marketed these products as being safe, despite its awareness of regulations prohibiting the use of lead in children's products and knowing that children who ingest lead suffer long-term injuries. Plaintiffs assert claims for violation of the consumer fraud statutes of forty-three jurisdictions (Count I), common law negligence (Count II), and unjust enrichment (Count III).

Before the court is Playtex's motion to dismiss the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, Playtex's motion [#139] will be granted.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. For the purposes of a 12(b)(6) motion, the court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *Brooks* v. *City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009). In order to survive such a motion, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 929, 940 (2007) (internal quotation marks and citations omitted). Factual allegations must, however, "be enough to raise a right to relief above the speculative level." *Id.*; *see also Ashcroft* v. *Iqbal*, — U.S. —, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009) (stating that "*Twombly* expounded the pleading standard for all civil actions") (internal quotation marks and citations omitted).

Additionally, allegations of fraud are subject to the heightened pleading standard of Rule 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This means that the plaintiff must plead the "who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo* v. *Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

## BACKGROUND

Plaintiffs, purchasers of Playtex's "Fridge-to-Go" insulated coolers, allege that Playtex marketed these products as safe for children despite being aware of findings by the Center for Environmental Health ("CEH") that the coolers contained excessive levels of lead and despite knowing that children who ingest lead suffer long-term injuries. According to the complaint, CEH tested the coolers and found that they contained high levels—between 1,100 and 5,500

parts per million—of lead. CEH issued a press release with the findings and the recommendation that parents discard the coolers. CEH also informed Playtex of the test results.

Plaintiffs Suarez and Stanford filed the amended class action complaint on November 3, 2008. In it, plaintiffs contend that Playtex's sale of the lead-containing coolers (1) violated the consumer protection and unfair and deceptive trade practices statutes of forty-three jurisdictions, (2) was negligent, and (3) resulted in unjust enrichment. Plaintiffs seek damages in the amount of monies paid for the coolers and the cost of lead testing for plaintiffs' children and an order requiring Playtex to disgorge its unjust enrichment, as well as actual damages, statutory damages, punitive damages, costs, and attorneys' fees.

## DISCUSSION

Playtex moves to dismiss each of three counts of plaintiffs' complaint for failure to state a claim on which relief can be granted.

### I. Plaintiffs' Consumer Fraud Claims (Count I)

Plaintiffs allege in Count I that Playtex violated the consumer protection statutes of 43 separate jurisdictions. As defendants point out, the plaintiffs, Suarez and Stanford, are residents of New York and California, respectively, and neither alleges injury in, or contact with, any jurisdiction other than New York or California. Plaintiffs argue that "whether Plaintiffs may represent a class bringing claims under the state consumer protection statutes of Illinois and the other states is a question for later class certification briefing." Pls.' Resp. at 5. Plaintiffs do not articulate, however, a basis on which their claims under the consumer protection statutes of any states other than New York and California can survive Playtex's motion. Plaintiffs' claims in Count I based on the consumer protection statutes of jurisdictions other than New York and

3

California must therefore be dismissed for failure to state a claim. *See, e.g.*, *In re Flonase Antitrust Litig.*, 610 F. Supp. 2d 409, 418–19 (E.D. Pa. 2009) ("Because no named Plaintiff has alleged injury in Florida or sufficient contact with Florida, the named Plaintiffs have not stated a claim under Florida's consumer protection statute.").

As to plaintiffs' claims under the consumer protections statutes of New York and California—specifically, N.Y. Gen. Bus. Law § 349, Cal. Civ. Code § 1770(a)(19) (a provision of the Consumers Legal Remedies Act or "CLRA"), and Cal. Bus. & Prof. Code §§ 17200 (Unfair Competition Law or "UCL") and 17500 (False Advertising Law or "FAL")—Playtex argues that plaintiffs' allegations fail to meet the heightened particularity requirements of Rule 9(b). The Federal Rules of Civil Procedure apply in federal court "irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Vess* v. *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) (citing *Hanna* v. Plumer, 380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965)). Averments of consumer fraud generally must be pleaded with the same particularity as common law fraud. *See, e.g.*, *Kearns* v. *Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA [Cal. Civ. Code § 1770] and UCL [Cal. Bus. & Prof. Code § 17200]."). Where, as here, fraud is not a necessary element of a claim, any claim with a basis that nonetheless sounds in fraud is subject to the heightened pleading standard of Rule 9(b). *Vess*, 317 F.3d at 1103–04; *Meserole* v. *Sony Corp. of Am., Inc.*, No. 08 CV 8987, 2009 WL 1403933, at *3 (S.D.N.Y. May 19, 2009).

Plaintiffs rely on *In re Mattel, Inc.*, 588 F. Supp. 2d 1111 (C.D. Cal. 2008), where the court held that the plaintiffs' claims under the UCL need not have been pleaded with

4

particularity because "[t]he complaint neither specifically alleges fraud nor alleges facts that necessarily constitute fraud." *Id.* at 1118. In contrast to the *Mattel* plaintiffs, however, Suarez and Stanford expressly refer to Playtex's alleged conduct as "consumer fraud." Am. Compl. ¶ 38. They also describe Playtex's acts as "deceptive" and allege that Playtex "omitted material facts about its Coolers, with the intent that Plaintiffs . . . would rely on such omissions." *Id.* ¶¶ 48, 49. Thus, both in name and in substance, plaintiffs' claims in Count I sound in fraud. Such claims must therefore be pleaded with particularity.

Plaintiffs' claims, however, do not meet the heightened pleading standard of Rule 9(b). Plaintiffs fail to offer details as to when, where, or from whom they purchased the coolers. Other than noting that CEH found lead in the coolers, plaintiffs fail to furnish any information on the presence of lead in the products, such as what part of the cooler contained lead and whether the lead was exposed or easily accessible. Similarly, plaintiffs quote statements on Playtex's website assuring customers that its products "surpass the most stringent domestic and international regulatory guidelines on . . . safety matters," Am. Compl. ¶ 33, but fail to allege whether or when they relied on, or even saw, these statements prior to purchasing the coolers. Additionally, plaintiffs want Playtex to pay the cost of lead testing for their children, yet at no point do they make any allegation that their children were exposed to lead. Indeed, Suarez and Stanford fail to allege that they even have children.

Plaintiff's remaining claims under Count I must therefore be dismissed.

**B.    Negligence (Count II)**

Playtex asserts two arguments in support of dismissal of plaintiffs' negligence claims. First, Playtex contends that the negligence claims fail because plaintiffs allege no actual injury.

5

Second, Playtex argues that any allegations of personal injuries are insufficiently pleaded and, indeed, were renounced by plaintiffs counsel at an in-court hearing.

It is well-settled that a plaintiff must allege actual injury to sustain a claim for negligence. *Corales* v. *Bennett*, 567 F.3d 554, 572 (9th Cir. 2009); *Pisciotta* v. *Old Nat'l Bancorp*; 499 F.3d 629, 635 (7th Cir. 2007); *BellSouth Telecomms., Inc.* v. *W.R. Grace & Co.*, 77 F.3d 603, 611 (2d Cir. 1996). The requirement of actual harm can not be satisfied by speculative damages or the threat of future harm. *U.S. Liab. Ins. Co.* v. *Haidinger-Hayes, Inc.*, 463 P.2d 770, 776, 1 Cal. 3d 586, 83 Cal. Rptr. 418 (Cal. 1970) ("Mere threat of future harm, not yet realized, is not enough."), *quoted in In re Factor VIII or IX Concentrate Blood Prods. Liab. Lit.*, 595 F. Supp. 2d 855, 865–66 (N.D. Ill. 2009); *Frank* v. *DaimlerChrysler Corp.*, No. 112945/99, 2000 N.Y. Misc. LEXIS 255, at *5–6 (N.Y. Sup. Ct. May 23, 2000) ("[E]ven if this court accepts the plaintiffs' allegations as true, the cause of action sounding in negligence must be dismissed because their allegations of damages are *too speculative*.") (emphasis added).

Plaintiffs argue that the cost of lead testing for their children fulfills the requirement of actual injury. In support of this contention, plaintiffs rely heavily on *Mattel*, where the court accepted the cost of future medical monitoring costs as a properly alleged injury, stating, "Defendants' argument that Plaintiffs have not alleged that any children actually ingested lead begs the question. The main point of the medical monitoring claim is that no one knows whether the children in question actually ingested the lead—that is what the monitoring is for." 588 F. Supp. 2d at 1117. The *Mattel* case involved children's toys containing lead or coated with lead paint with which, the plaintiffs alleged, their children came into contact. In this case, by

contrast, the baby-bottle coolers are not children's products and, moreover, there is no allegation that any child came into contact with one of coolers.

Additionally, in *Frye* v. *L'Oreal USA, Inc.*, 583 F. Supp. 2d 954 (N.D. Ill. 2008), the court explained that "[w]hat is required [to support a claim for medical monitoring] is that plaintiffs plead and prove that medical monitoring is probably, not just possibly, necessary." *Id.* at 958 (citing *Carey* v. *Kerr-McGee Chem. Corp.*, 999 F. Supp. 1109, 1119 (N.D. Ill. 1998)). Here, plaintiffs have alleged insufficient facts to allow the court to reasonably infer that their children may have been exposed to lead. Furthermore, plaintiffs have expressly disclaimed personal injuries in this case, asserting, "We are not alleging actual exposure or personal injury. This is not a personal injury case. It is not a products liability case." Tr. of June 26, 2008 Hearing, at 6:21–23.

Plaintiffs' claims for lead testing thus cannot be considered an actual injury. Plaintiffs' negligence claim must therefore be dismissed.

**C.     Unjust Enrichment (Count III)**

As plaintiffs concede, their unjust enrichment claims in Count III hinge on the viability of the other counts. Pl.'s Resp. at 14 ("Plaintiffs' Counts I and II should stand, and so therefore should Count III."). Thus, because plaintiffs' consumer fraud and negligence claims fail, so too do their unjust enrichment claims, which must likewise be dismissed.

## CONCLUSION

For the foregoing reasons, Playtex's motion to dismiss the amended class action complaint [#139] is granted. All counts of plaintiffs' complaint are dismissed without prejudice.

Dated: July 24, 2009　　　　　　　　　　Enter:_____
　　　　　　　　　　　　　　　　　　　　　　　　　JOAN HUMPHREY LEFKOW
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge